CRESCI CONSTRUCTION SERVICES, INC., Appellee

v.

James H. MARTIN, Appellant.

Superior Court of Pennsylvania.

Submitted June 4, 2012.

Filed March 28, 2013.

William E. Vinsko, Jr., Wilkes–Barre, for appellant.

David J. Selingo, Kingston, for appellee.

BEFORE: BOWES, PANELLA and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

Appellant, James H. Martin, appeals from the June 10, 2011 judgment entered in the Luzerne County Court of Common Pleas. He challenges the trial court's decision to deny him attorney's fees and prejudgment interest on the jury's award of monetary damages. We hold that Appellant failed to establish that the jury's award represented a liquidated or ascertainable amount owed under the contract such that prejudgment interest should be awarded as a matter of right. We further hold that Appellant failed to demonstrate that the trial court abused its discretion by deciding not to award attorney's fees. Accordingly, we affirm.

■ Appellant and Appellee, Cresci Construction Services, Inc., entered into a contract on October 16, 2004, for construction services to be performed by Appellee. *See* Ex. A to Compl. Specifically, the contract provided that Appellee would build a home for Appellant for $184,730. The contract included a liquidated damages clause that applied if Appellant wished to cancel the contract before Appellee actually began work.[1] *Id.* at ¶ 20. The contract did not reference any other liquidated damages that could accrue. Other than the cost of completing the home, the contract did not specify or refer to any monetary values, established market prices, or other fixed standards regarding a determination of mortgage expenses, legal expenses,[2] inspection fees, and the costs of maintaining two homes in the event of a breach.[3]

On April 19, 2006, Appellee filed a complaint against Appellant, claiming that Appellant

> impeded the efforts of [Appellee] in completing the contract by (A) continuously changing and attempting to change the terms of the contract; (B) hiring other individuals or firms to do certain aspects

---

* Former Justice specially assigned to the Superior Court.

1. The contract also provided for arbitration of any dispute.

2. The contract provided for the payment of legal expenses in the event of litigation involving early occupancy, which did not exist in this case.

3. A contract does not necessarily have to identify consequential damages. *See, e.g.,* *Condo. Ass'n Court of Old Swedes v. Stein-O'Brien,* 973 A.2d 475, 483 (Pa.Cmwlth.2009) (stating, "[w]here the consequential damages are 'foreseeable' and were contemplated by 'the parties at the time they made the contract,' they will be awarded in order to put the victim of the contract breach in the same position as if there had been performance, not breach."). "Although decisions by the Commonwealth Court are not binding on this Court, they may be persuasive." *In re Brown,* 30 A.3d 1200, 1204 n. 2 (Pa.Super.2011).

of the work identified in the contract without the consent of [Appellee] as required by the terms of the contract; (C) allowing other individuals and firms hired by [Appellant] to work on the premises … and (D) refusing to cooperate and meet with [Appellee] to discuss [Appellant's] unilateral changes to the contract.

Appellee's Compl., 4/19/06, at ¶ 5. Appellee claimed Appellant owed $34,378.56 on the balance of the contract. *Id.* at ¶ 7.

Appellant counterclaimed for breach of contract, breach of duty of good faith and fair dealing, negligent representation, and fraudulent representation. *See generally* Appellant's Answer, New Matter, and Am. Countercl., 8/11/06. Appellant claimed Appellee had failed to complete several of the contract's required obligations. *Id.* With respect to breach-of-contract damages, Appellant alleged the following:

> 28. As a direct and proximate result of [Appellee's] willful failure to complete the home and complete the same in a good and workman like [sic] manner, [Appellant] has been forced to incur expenses, including, but not limited to additional mortgage expenses, legal expenses, inspection fees, and associated costs of maintaining two (2) properties since the home in question is uninhabitable.
>
>       \*     \*     \*
>
> 31. As a direct and proximate result of [Appellee's] willful failure to complete the home and complete the same in a good and workman like [sic] manner, [Appellant] is required to contract with a new contractor to complete the home at a far greater expense than was originally set with [Appellee].
>
> 32. [Appellant] has not received the appropriate financial credit for the items purchased by [Appellant] for [Appellee] to install.
>
> 33. [Appellant] has not received appropriate financial credit for the work performed by [Appellant] which was not needed to be performed by [Appellee].
>
> WHEREFORE, [Appellant] demands judgment for breach of contract in and [sic] amount in excess of Fifty Thousand Dollars ($50,000.00) together with costs, attorneys fees, pre and post judgment interest and any additional amounts as this court may deem necessary and/or appropriate.

*Id.* at 8–9.

A jury trial commenced on April 12, 2010.[4] The jury found that Appellee breached the parties' construction agreement and awarded Appellant $66,000 in breach-of-contract damages. Trial Ct. Op., 11/1/10, at 1; Verdict, 4/16/10, at 1. The verdict sheet did not subcategorize the amount of damages. The verdict sheet also did not contain any jury interrogatories addressing the remaining claims and damages.[5]

Following the jury award, Appellant filed timely post-trial motions demanding attorneys' fees and prejudgment interest on the breach of contract damages. Appellant's Mot. for Attorneys Fees, 4/26/10, at 2; Appellant's Mot. for Pre–Judgment Interest, 4/26/10, at 2–3. Appellee also filed a timely post-trial motion requesting relief. Appellee's Mot. for Post–Trial Relief, 4/26/10. After a hearing, the trial

---

4. The record does not include a trial transcript. In his brief, Appellant claimed he requested, but withdrew his request for, the trial transcript. Appellant's Brief at 7.

5. No party objected to the verdict sheet.

court denied all post-trial motions in a brief order.

Appellee did not appeal from the adverse verdict. Appellant, however, timely appealed from the order denying his post-trial motions and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. This Court, however, quashed the appeal because no judgment was entered.

The trial court entered judgment on June 10, 2011, and Appellant timely appealed. Appellant raises the following issues for our review:

> Did the trial court err in not awarding prejudgment interest to [Appellant]?
>
> Did the trial court err in not awarding attorneys [sic] fees to [Appellant]?

Appellant's Brief at 2 (capitalization omitted).

For his first issue, Appellant argues that pre-judgment interest in a breach of contract matter is a legal right. *Id.* at 6. He claims that he was "forced to incur additional mortgage expenses, legal expenses, inspection fees, and associated costs with maintaining two properties since the home was uninhabitable." *Id.* at 7. Appellant suggests that these additional sums are ascertainable because "there were construction loan documents, existing inspection fees and a clear understanding by . . . Appellee . . . that the mortgage amounts were due to be paid based upon a draw schedule." [6] *Id.* He opines that "[m]ost of these sums, specifically, the mortgage costs, including, but not limited to, monthly payments, interest, and fees, and the inspection fees, were clearly and readily available by the very definition of what they are and the state and federal laws which mandate their availability and disclosure." *Id.* at 7–8. Appellant theorizes that because the sums he claims are ascertainable, § 354(1) of the Restatement (Second) of Contracts applies and § 354(2), which begins with the qualifying phrase "In any other case . . . ," does not. *Id.* at 8. Therefore, Appellant maintains, the trial court is bound by § 354(1) and has no discretion under § 354(2) to decline to award prejudgment interest. *Id.*

He does not argue that the contract provided for the payment of "additional mortgage expenses, legal expenses, inspection fees, and associated costs with maintaining two properties." *See id.* at 7. Appellant also does not argue that these sums constituted the reasonable costs of completing the construction contract or correcting the defective work.

The trial court held prejudgment interest was not warranted because "the damages involved in this matter are simply not of the kind envisioned by § 354(1) of the Restatement, *supra,* thus precluding an award of prejudgment interest as a matter of right." Trial Ct. Op. at 3. The court found that Appellant "was adequately compensated by the jury's verdict," and no further prejudgment interest award was warranted. *Id.* at 3–4. We hold Appellant is not entitled to relief.

"Our review of an award of prejudgment interest is for abuse of discretion." *Kaiser v. Old Republic Ins. Co.,* 741 A.2d 748, 755 (Pa.Super.1999) (citation omitted). As the United States District Court for the Eastern District of Pennsylvania concisely elaborated, "[a] court has discretion to award or not award prejudgment interest on some claims, but must or must not award prejudgment interest on others." *Fidelity Bank v. Com. Marine and Gen. Assurance Co.,* 592 F.Supp. 513, 522 (E.D.Pa.1984) (citations omitted).[7]

---

**6.** Appellant did not identify where in the record this "draw schedule" exists.

**7.** Although the decisions of federal courts are not binding on this Court, we may rely on

The Restatement (Second) of Contracts § 354, which Pennsylvania follows,[8] reflects this discretion:

> (1) If the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.
> (2) In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due.

Restatement (Second) of Contracts § 354(1)-(2) (1981). Thus, before awarding prejudgment interest, the court must identify the nature of the breach. *See id.*

> In *Black Gold Coal Corp. v. Shawville Coal Co.,* 730 F.2d 941 (3d Cir.1984) [hereinafter *Black Gold* ], the United States Court of Appeals for the Third Circuit set forth the background regarding an award of prejudgment interest under Pennsylvania law:

> > In *Penneys v. Pennsylvania R.R. Co.,* 408 Pa. 276, 183 A.2d 544 (1962), the Pennsylvania Supreme Court adopted section 337(a) of the Restatement of Contracts with regard to the awarding of prejudgment interest.[1] That section provides:

> > > If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract as follows:

> > > (a) Where the defendant commits a breach of a contract to pay a definite sum of money, or to render a performance the value of which in money is stated in the contract or is ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter, interest is allowed on the amount of the debt or money value from the time performance was due, after making all the deductions to which the defendant may be entitled.

> > Recovery of prejudgment interest under this standard is a matter of law, not of discretion. Thus, in Pennsylvania, prejudgment interest in a contract action may be recovered only if (1) a defendant commits a breach of a contract to pay a definite sum of money; or (2) a defendant commits a breach of contract to render a performance the value of which in money is stated in the contract; or (3) **a defendant commits a breach of contract to render a performance the value of which is ascertainable by mathematical calculation from a standard fixed in the contract;** or (4) a defendant commits a breach of a contract to render a performance the value of which in money is ascertainable from established market prices of the subject matter....

> Thus, **our review must focus on the contract** between [the parties] to determine if it contains a fixed standard by which to calculate damages.

> > Although section 337(a) does not use the term "liquidated damages," the concept is implicit in that section, that the value be ascertainable or settled, *i.e.* liquidated, **in** the contract. In *American Enka Co. v. Wicaco Machine Corp.,* 686 F.2d 1050, 1056 (3d Cir.1982), this

---

them for guidance. *NASDAQ OMX PHLX, Inc. v. PennMont Secs.,* 52 A.3d 296, 303 (Pa.Super.2012).

**8.** *Daset Min. Corp. v. Indus. Fuels Corp.,* 326 Pa.Super. 14, 35, 473 A.2d 584, 594 (1984) (stating, "Traditionally, Pennsylvania has followed the Restatement (Second) of Contracts § 354....").

court discussed the "two distinct sources of compensation for delay," or prejudgment interest, under Pennsylvania law. As relevant to this appeal, we explained that prejudgment interest in Pennsylvania contract actions involving liquidated sums is a matter of right. We also explained that the Pennsylvania contract prejudgment interest rule was an extension of the common law rule that allowed damages for delay in such but only where liquidated sums were involved. Thus, under Pennsylvania law, for prejudgment interest to be awarded the underlying debt must be liquidated as that term has come to be defined by Pennsylvania law. Accordingly, unless the obligation which was determined to be owed to [the non-breaching party] can be said to qualify as a "liquidated sum," no prejudgment interest may be awarded.

> 1. Restatement of Contracts § 337(a) (1932) is currently found at Restatement (Second) of Contracts § 3[54(1)] (1981).

*Id.* at 943–44 (citations and footnote omitted and second and third emphases added).[9]

Comment c to Restatement (Second) of Contracts § 354 underscores that prejudgment interest is awarded as a matter of right **only** on breach-of-contract damages ascertainable from the **terms of the contract**:

> c. *Where amount due is sufficiently definite.* Under the rule stated in Subsection (1), a party is not chargeable with interest on a sum unless its amount

is fixed by the contract or he could have determined its amount with reasonable certainty so that he could have made a proper tender. Unless otherwise agreed, interest is always recoverable for the non-payment of money once payment has become due and there has been a breach. This rule applies to debts due for money lent, goods sold or services performed, including installments due on a construction contract. The fact that the breach has spared some expense that is uncertain in amount does not prevent the recovery of interest. The sum due is sufficiently definite if it is ascertainable from the terms of the contract, as where the contract fixes a price per unit of performance, even though the number of units performed must be proved and is subject to dispute. The same is true, even if the contract does not of itself create a money debt, if it [*i.e.,* the contract] fixes a money equivalent of the performance. It is also true, even if the contract does not fix a money equivalent of the performance, if such an equivalent can be determined from established market prices. The fact that the extent of the performance rendered and the existence of the market price must be proved by evidence extrinsic to the contract does not prevent the application of these rules. Restatement (Second) of Contracts § 354 cmt. c (1981).

█ In all other circumstances, prejudgment interest is awarded at the court's discretion:

**9.** *Accord Koppers Co. v. Aetna Cas. & Sur. Co.,* 98 F.3d 1440, 1443 n. 2 (3d Cir.1996) (stating, "[a]t **the time of breach,** however, the amount . . . in dispute was not readily ascertainable with mathematical precision or by definite standards, and so the district court properly declined to award the pre-judgment interest sought by the plaintiff." (emphasis added) (citing *Black Gold,* 730 F.2d at 943 n. 2)); *Daset Min. Corp.,* 326 Pa.Super. at 35, 473

A.2d at 595 (asserting that "in claims that arise out of a contractual right, interest has been allowed . . . where the damages are liquidated and certain, and the interest is readily ascertainable through computation."). In *Koppers,* the amount in dispute could not be ascertained with mathematical certainty; thus, the *Koppers* Court affirmed the trial court's refusal to impose prejudgment interest. *Koppers Co.,* 98 F.3d at 1443 n. 2.

*d. Discretionary in other cases.* Damages for breach of contract include not only the value of the promised performance but also compensation for consequential loss. The amount to be awarded for such loss is often very difficult to estimate in advance of trial and cannot be determined by the party in breach with sufficient certainty to enable him to make a proper tender. In such cases, the award of interest is left to judicial discretion, under the rule stated in Subsection (2), in the light of all the circumstances, including any deficiencies in the performance of the injured party and any unreasonableness in the demands made by him.

Restatement (Second) of Contracts § 354 cmt. d (1981).[10]

Our Supreme Court elaborated on these principles in *TruServ Corp. v. Morgan's Tool & Supply Co.*, 614 Pa. 549, 39 A.3d 253 (2012) [hereinafter *TruServ*]. *TruServ* involved a contract for a sale of goods and services. *Id.* at 256. The contract, however, also provided that the breaching party would be obligated to pay interest on any amounts owed. *Id.* In resolving whether the trial court abused its discretion by not awarding "contractual prejudgment interest," the *TruServ* Court distinguished, "prejudgment interest" from "contractual interest":

> [E]ven where a party's right to the payment of interest is not specifically addressed by the terms of a contract, a nonbreaching party to a contract may recover, **as damages,** interest on the **amount due** under the contract; again, this Court refers to such interest as prejudgment interest. The purpose of awarding interest as damages:

is to compensate an aggrieved party for detention of money rightfully due him or her, and to afford him or her full indemnification or compensation for the wrongful interference with his or her property rights. The allowance of interest as an element of damages is not punitive, but is based on the general assumption that retention of the money benefits the debtor and injures the creditor.

25 C.J.S. Damages, § 80.

Many jurisdictions have enacted statutory provisions for interest as damages. *Id.* at § 82. In 1988, in [*Fernandez v. Levin*, 519 Pa. 375, 548 A.2d 1191 (1988) ], this Court adopted Section 354 of the Restatement (Second) of Contracts as the law of this Commonwealth with respect to the recovery of interest as damages in breach of contract actions....

In adopting Section 354, we stated:

> For over a century it has been the law of this Commonwealth that the right to interest upon money owing upon contract is a legal right. *West Republic Mining Co. v. Jones & Laughlins*, 108 Pa. 55 (1885). That right to interest begins at the time payment is withheld after it has been the duty of the debtor to make such payment. *Palmgreen v. Palmer's Garage, Inc.*, 383 Pa. 105, 108, 117 A.2d 721, 722 (1955).

*Fernandez*, 519 Pa. at 379, 548 A.2d at 1193.

With regard to prejudgment interest, we have explained, interest has been defined to be a compensation allowed to the creditor for delay of payment by the debtor, and is said to be impliedly due whenever a **liquidated** sum of money is

10. "[I]nterest is to be calculated on the amount due less all deductions to which the party in breach is entitled," *e.g.*, a successful

unliquidated counterclaim. *Burkholder v. Cherry*, 414 Pa.Super. 432, 438, 607 A.2d 745, 748 (1992) (quotation marks omitted).

unjustly withheld. *School Dist. of City of Carbondale v. Fidelity & Deposit Co. of Maryland,* 346 Pa. 491, 492, 31 A.2d 279, 280 (1943) (citations omitted). However, as **prerequisites** to running of prejudgment interest, the debt **must have been liquidated** with some degree of certainty and the duty to pay it must have become fixed. *Id.* at 493, 31 A.2d at 280; Restatement (Second) of Contracts § 354(1) ("If the breach consists of a failure to pay a definite sum [in] money or to render a performance with fixed or ascertainable monetary value, interest is recoverable."). Thus, even where the terms of a contract do not expressly provide for the payment of interest, a nonbreaching party has a legal right to recover interest, as damages, on a *definite sum owed under the contract* .... [12]

> 12. *Compare* Restatement (Second) of Contracts § 354(2) (in cases where a breach does not consist of a failure to pay a definite sum of money or render a performance with a fixed or ascertainable value, prejudgment interest "may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due."). Unlike an award of interest pursuant to Subsection 354(1), an award of interest under Subsection 354(2) is within the trial court's discretion.

*TruServ,* 39 A.3d at 263–64 (first and seventh emphasis in original and footnote and punctuation omitted). The *TruServ* Court further observed that

> Section 354 distinguishes between interest due on an obligation to pay a definite sum, which is recoverable as a matter of right under Subsection 354(1), and interest on losses incurred **as a consequence**

of a breach of a promise to pay, which is subject to discretion under Subsection 354(2). See Restatement (Second) of Contracts § 354 cmt. d ("Damages for breach of contract include not only the value of the promised performance but also compensation for consequential loss.... In such cases, the award of interest is left to judicial discretion, under the rule stated in Subsection (2).")

*Id.* at 264–65.[11]

The application of these principles was evident in *Fernandez.* In *Fernandez,* the Pennsylvania Supreme Court acknowledged the long-established "law of this Commonwealth that the right to interest upon money owing upon contract is a legal right." *Fernandez,* 519 Pa. at 379, 548 A.2d at 1193. The *Fernandez* Court, by quoting the first section of the Restatement (First) of Contracts § 337 (1932),[12] implicitly acknowledged that one of four conditions must exist prior to a mandatory award of prejudgment interest. *Id.* The first condition is that a defendant must breach a contract to pay a "definite sum of money." *Id.* (citing, *inter alia, Black Gold, supra* ). Having recognized that the defendant breached a contract for a definite sum of money, our Supreme Court concluded, pursuant to § 337, that the plaintiff was entitled to prejudgment interest. *Id.* at 380, 548 A.2d at 1193. An award of prejudgment interest as a matter of right, therefore, necessarily requires an examination of the disputed obligation and a determination as to whether that obligation fulfills one of four conditions discussed by the *Black Gold* Court. *See id.; Black Gold,* 730 F.2d at 943.

> 11. The *TruServ* Court ultimately held that the trial and intermediate appellate courts erred by holding that the non-breaching party's "right to recover contractual interest was ... subject to mitigation...." *TruServ,* 39 A.3d at 265. The Court remanded to have the trial

> court determine the amount of "contractual interest" and "prejudgment interest." *Id.*

> 12. As previously noted, Restatement (First) of Contracts § 337 (1932) is presently at Restatement (Second) of Contracts § 354 (1981).

In *Frank B. Bozzo, Inc. v. Electric Weld Div. of Fort Pitt Div. of Spang Indus., Inc.*, 345 Pa.Super. 423, 498 A.2d 895 (1985) [hereinafter *Bozzo* ], the Superior Court addressed whether, for a non-construction contract involving a transaction for goods, the trial court could award "interest on sums that were not fixed or ascertainable." *Id.* at 426, 498 A.2d at 896. The plaintiff claimed that the defendant "breached a contract to deliver a particular sort of steel mesh for [the plaintiff] to use in paving a road." *Id.*

> [T]he jury awarded [the plaintiff] $96,646.10, of which $47,774.93 was for increased overhead and administrative costs, $25,592.23 for increased equipment costs, $15,657.37 for increased steel mesh costs, and $2,872.28 for increased material costs. The trial court then molded the verdict to add $43,049.19, representing 6% interest from the date on which the contract was breached.

*Id.* at 426, 498 A.2d at 897.

> The defendant appealed, claiming that prejudgment interest is recoverable only where the "damages ... awarded were ascertainable at the time of the breach in accordance with the two prerequisites to the running of interest, *i.e.*, a debt liquidated with some degree of certainty and a fixed duty to pay." Applying this proposition, [the defendant] concludes that the only prejudgment interest to which [the plaintiff] is entitled is interest on such amount as represents "the difference in cost between F mesh and J mesh ... because these damages are ascertainable by mathematical computation from established market prices for mesh." "The trial court", [the defendant] states, "properly added interest on that amount." Otherwise, in [the defen-

dant's] view, the court erred, for the other damages awarded by the jury were neither liquidated nor ascertainable.

*Id.* at 426–27, 498 A.2d at 897 (citations omitted).

In resolving the defendant's claim, the *Bozzo* Court reviewed the applicable Uniform Commercial Code [13] provisions governing a transaction of goods. *Id.* at 427, 498 A.2d at 897. The *Bozzo* Court then examined "contract actions where the breach was a failure to pay either a fixed sum or a sum mathematically ascertainable, as, for example, by reference to market prices." *Id.* at 429, 498 A.2d at 898.

> In this type of case an award of prejudgment interest has been characterized as a right to which the plaintiff is entitled ... and this is true even if there was a bona fide dispute as to the amount of the debt.... The justification for an award of prejudgment interest is that because the defendant knew or at least could have learned the amount of his debt, he should have tendered that amount to the plaintiff. Since he did not, and by failing to do so caused the delay of litigation, he has deprived the plaintiff of the use of that amount from the date of the breach to the date of the satisfaction of the judgment. Or to state it conversely, the defendant has for that period had the use of money now known to have been the plaintiff's....
>
> Where, however, the contract action is to recover an amount that is neither liquidated nor ascertainable, the defendant is unable to make a tender because he does not know what amount will satisfy his obligation.... [B]oth Restatements of Contracts state that in cases where the debt is neither liquidated nor ascertainable, interest may be allowed

---

**13.**   13 Pa.C.S. §§ 2101–2725.

as "justice requires", "on the amount that would have been just compensation if it had been paid when performance was due."

*Id.* at 429–31, 498 A.2d at 898–99 (citations omitted).[14]

After discussing the applicable law, the *Bozzo* Court summarized:

> We therefore conclude that under both the U.C.C. and the common law of Pennsylvania, in an action for breach of contract the factfinder may in a proper case award damages for delay. Where the breach was the failure to pay a fixed or ascertainable sum, the damages will be awarded in the form of "interest as such" and as "a matter of right." Otherwise, the damages will be awarded as necessary to ensure that in the particular circumstances of the case, the plaintiff has been fully compensated. Such damages are designated not "interest as such" but rather "compensation for delay" "in the nature of interest", and are measured by the legal rate of interest. The test for determining whether the plaintiff has been fully compensated has been variously stated, by the cases ("depends upon all the circumstances of the case"), the U.C.C. ("reasonable expense incident to the delay or other breach"), and the Restatements ("as justice requires"). The differences in these statements, however, are in our judgment stylistic only, not substantive.

*Id.* at 434–35, 498 A.2d at 901 (citations omitted). Because the trial court did not explain its reasoning for awarding interest, the *Bozzo* Court remanded to have the trial court render findings of fact and conclusions of law. *Id.* at 436, 498 A.2d at 901–02.

■ In *Standard Pipeline Coating Co. v. Solomon & Teslovich, Inc.*, 344 Pa.Super. 367, 496 A.2d 840 (1985) [hereinafter *Standard* ], the jury awarded "$500,000.00, consisting of both direct and consequential damages,[15] and interest on the direct damages." *Id.* at 374, 496 A.2d at 843. The plaintiff requested the trial court to mold the verdict to include prejudgment interest on the consequential damages flowing from the breach of contract. *Id.* at 375, 496 A.2d at 844. The trial court refused to mold the verdict. *Id.* The *Standard* Court affirmed the trial court's denial, recognizing that "because such [consequential] damages are often difficult to estimate before the trial, the award of interest is to be left to judicial discretion in light of all the circumstances." *Id.* at 376, 496 A.2d at 844. *Standard* underscores that a jury's award of monetary damages does not presumptively result in an award of prejudgment interest. *Id.* The verdict-winner must establish that the jury's award represented direct damages. *Id.*

■ In sum, § 354 commands that prejudgment interest is awarded as a matter of right in four limited circumstances,

---

**14.** The *Bozzo* Court repeatedly emphasized the trial court's discretion to award prejudgment interest:

> What is important is that even where the breach was not the failure to pay a fixed or ascertainable sum, still the buyer may be entitled to recover "compensation for delay." To be sure, recovery will not be "a matter of right," as it is with "interest." Rather, it will be "an issue for the finder of fact, the resolution of which depends upon all the circumstances of the case".

*Bozzo,* 345 Pa.Super. at 432, 498 A.2d at 899–900 (citations omitted).

**15.** "Consequential damages are generally understood to be other damages which naturally and proximately flow from the breach" of contract. *AM/PM Franchise Ass'n v. Atlantic Richfield Co.,* 526 Pa. 110, 119, 584 A.2d 915, 920 (1990) (defining consequential damages in context of Uniform Commercial Code).

which all require an examination of the contract. *See Black Gold,* 730 F.2d at 943; *Fernandez,* 519 Pa. at 379, 548 A.2d at 1193; Restatement (Second) of Contracts § 354 cmt. c (1981). In other words, a court examines whether the contract was to pay, or render a performance for, a monetary amount defined in the contract; render a performance for a monetary amount that can be calculated from standards set forth in the contract; or render a performance for a monetary amount calculated from the established market prices. *See Black Gold,* 730 F.2d at 943–44; *Fernandez,* 519 Pa. at 379, 548 A.2d at 1193; Restatement (Second) of Contracts § 354 & cmt. c (1981). The disputed amount must be either specified in the contract or ascertained from the terms of the contract such that at the time of the breach, the breaching party can proffer a tender. *See Bozzo,* 345 Pa.Super. at 429–31, 498 A.2d at 898–99; *Daset Min. Corp.,* 326 Pa.Super. at 35, 473 A.2d at 595; Restatement (Second) of Contracts § 354 cmt. c (1981); *see also Koppers Co.,* 98 F.3d at 1443 n. 2. The disputed amount, in other words, must be liquidated at the time of the breach as a prerequisite for prejudgment interest. *See TruServ,* 39 A.3d at 264; *Bozzo,* 345 Pa.Super. at 429–30, 498 A.2d at 898–99. In all other circumstances, including an award of consequential damages, prejudgment interest is awarded as a matter of discretion. *See TruServ,* 39 A.3d at 265; *Bozzo,* 345 Pa.Super. at 435, 498 A.2d at 901; *Standard,* 344 Pa.Super. at 376, 496 A.2d at 844; Restatement (Second) of Contracts § 354 cmt. d (1981).

▮ In the case before us, we examine the contract to determine whether Appellant is entitled to prejudgment interest as of right. *See, e.g., Fernandez,* 519 Pa. at 379, 548 A.2d at 1193. The contract specifically provided for the performance of a construction of a home in exchange for $184,730, a monetary amount defined by the contract. *See* Ex. A to Compl. Thus, $184,730 is a liquidated, ascertainable sum. *See, e.g., TruServ,* 39 A.3d at 264; *Bozzo,* 345 Pa.Super. at 429–30, 498 A.2d at 898–99.

▮ The contract, however, did not provide for a "performance" of "mortgage expenses, legal expenses, inspection fees, and associated costs with maintaining two properties."[16] Appellant's Brief at 7 (identifying damages he claimed are "ascertainable"). The contract also did not reference or permit a calculation of a monetary value for those items. *See, e.g., Bozzo,* 345 Pa.Super. at 429–30, 498 A.2d at 898–99. Appellee, therefore could not have tendered a proffer to Appellant for those items, which necessarily required a breach of contract to render a "performance" of those items. *See, e.g., id.* Appellee is not charged with interest as of right on the jury's award of $66,000, because that amount was not fixed by the construction contract and Appellee could not have ascertained that sum by construing the terms of the contract. *See* Restatement (Second) of Contract § 354 cmt. c (1981). Accordingly, the jury's non-specific award of $66,000 does not represent a liquidated, ascertainable sum owed under the contract.[17] *See, e.g., TruServ,* 39 A.3d at 264.

16. As we acknowledged previously, the contract provided for attorneys' fees if early occupancy occurred.

17. The fact that a jury awarded monetary damages on Appellant's counterclaim does not render that amount "ascertainable" for purposes of prejudgment interest. As noted above, the amount must be specified in or otherwise ascertained from the contract. *See, e.g., Black Gold,* 730 F.2d at 943–44. As set forth in a non-binding trial court decision:

the jury's determination that [the verdict-winner] was entitled to a damages award in

The jury's award, however, "represents a loss incurred [by Appellant] **as a consequence**" of Appellee's breach "of the promised performance" to construct the home. *See id.* at 264–65; *see also Standard,* 344 Pa.Super. at 375, 496 A.2d at 844. Thus, contrary to Appellant's claim, an award of prejudgment interest on consequential damages is not awarded as a matter of right but is instead left to the court's discretion. *See TruServ,* 39 A.3d at 264–65. Appellant, however, elected not to order the trial transcript. Appellant's Brief at 7. Thus, this Court cannot ascertain whether the trial court abused its discretion in declining to award prejudgment interest on an unliquidated sum. *See Kaiser,* 741 A.2d at 755.[18]

We address Appellant's second issue. Appellant argues that Appellee's failure to object to his post-trial motion for attorney's fees entitles him to this award. Appellant's Brief at 9. Appellee counters that they "demanded judgment in [its] favor in answer to [Appellant's] prayer for relief seeking attorney's fees. This pleading, read in whole, amounted to a denial of [Appellant's] claim for attorney's fees." Appellee's Brief at 7. The trial court denied Appellant's request, noting that it "found no basis for exercise of its discretion in favor of awarding attorney's fees, nor does [Appellant's] concise statement offer any insight as to how this discretion may have been clearly abused." Trial Ct.

Op. at 4. We conclude the trial court did not err in denying relief to Appellant.

"The general rule is that the parties to litigation are responsible for their own counsel fees and costs unless otherwise provided by statutory authority, agreement of parties, or some other recognized exception." *Cher–Rob, Inc. v. Art Monument Co.,* 406 Pa.Super. 330, 332, 594 A.2d 362, 363 (1991) (citations omitted). Thus, if a recognized exception applies, and the trial court denied a request for attorney's fees, then this Court will reverse only if the trial court abused its discretion. *See Hart v. O'Malley,* 781 A.2d 1211, 1216 (Pa.Super.2001). Instantly, even assuming that Appellant's contention that Appellee's failure to object has merit, Appellant failed to plead any statutory authority or other recognized exception to the general rule. *See Cher–Rob, Inc.,* 406 Pa.Super. at 332, 594 A.2d at 363. Therefore, we discern no abuse of discretion in the trial court's denial of Appellant's motion for attorney's fees. *See Hart,* 781 A.2d at 1216. Accordingly, we affirm the judgment.

Judgment affirmed.

BOWES, J. concurs in the result.

---

the amount of $404,000 is irrelevant for the purposes of prejudgment interest. The jury's methodology for calculating [the verdict-winner's] damage award does not establish an ascertainable monetary sum in the nature of a debt of which the defendant had notice.
*Land O'Lakes Inc. v. Zelenkofske, Axelrod & Co.,* 43 Pa. D. & C.4th 192, 201 (C.C.P. Bucks 1999).

18. "It is, of course, the appellant's responsibility to ensure the record is complete prior to its transmission to this Court." *Daniel v. Wyeth Pharmaceuticals, Inc.,* 15 A.3d 909, 936 n. 1 (Pa.Super.2011) (Fitzgerald, J., concurring).