J-A24037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARIA L. CERCIELLO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THOMAS R. CERCIELLO, | |
| Appellee | No. 415 EDA 2014 |

Appeal from the Decree January 29, 2014
in the Court of Common Pleas of Pike County
Domestic Relations at No.: 1624-2007-Civil

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:            **FILED DECEMBER 02, 2014**

Appellant, Maria L. Cerciello (Wife), appeals from the decree granting a divorce to her and Appellee, Thomas R. Cerciello (Husband), and equitably distributing the parties' marital property.  We affirm.

The relevant facts and procedural history of this case are as follows. Wife and Husband married on August 7, 1995, and they separated approximately eleven years later on April 1, 2006.  When they separated, Wife moved out of the marital residence and took her personal possessions and other household items with her.  Husband cashed in a MetLife Investors account valued at $6,433.15 to help Wife pay for moving expenses.  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

September 27, 2007, Wife filed a divorce complaint seeking equitable distribution of the marital property.

On April 11, 2011, five years after the parties separated, a fire destroyed the marital residence. The parties still jointly owned the home and Husband resided in it. Husband was the only named insured on the homeowners' insurance policy and he paid all premiums for coverage after the parties' separation. The insurance company made all payments directly to Husband, and the proceeds were allocated into three categories, to compensate for loss of the structure of the home, the contents of the home, and related living expenses.

The trial court appointed a Divorce Master, attorney Steven R. Guccini (Master), who held hearings on the issue of equitable distribution on August 17, 2012 and November 8, 2012. On October 8, 2013, the Master filed a report recommending an award of 60% of the marital property to Wife and 40% to Husband, calculating $40,416.53 net payable to Wife. With respect to the insurance proceeds relating to the fire, the Master recommended that the court award Wife 60% of the funds for the structure of the marital residence (with no award of interest), but no share of the proceeds for the contents of the residence or living expenses. The Master also recommended

a credit of $2,573.26 to Husband for the money he gave Wife from the MetLife account to help with moving expenses.[1]

Both parties filed exceptions to the Master's report. On January 14, 2014, following a hearing, the trial court entered an order denying the parties' exceptions. On January 29, 2014, the court entered a divorce decree ordering Husband to pay Wife $40,416.53. This timely appeal followed.[2]

Wife raises the following issues for our review:

1. Did the trial court commit an abuse of discretion in failing to award [Wife] a percentage share of the entirety of the insurance proceeds resulting from the loss of a marital home?

2. Did the trial court commit an abuse of discretion in failing to award [Wife] interest on the insurance proceeds awarded to her when the reason for the delay in her receipt of the same was due to [Husband's] misappropriation of funds to his benefit and interest is compensation for the deprivation of said funds?

3. Did the trial court commit an abuse of discretion in failing to award [Wife] her percentage share of the MetLife account?

---

[1] The MetLife account was valued at $6,433.15 in March 2006. (**See** Master's Report, 10/08/13, at unnumbered page 3 ¶ 12). Husband testified that he gave all of the funds to Wife to cover moving expenses. (**See** N.T. Hearing, 11/08/12, at 6). The $2,573.26 credit to Husband represents his 40% share of the MetLife account. (**See** Trial Court Opinion, 3/11/14, at 11). The Master deducted this credit to Husband in calculating the net payable to Wife. (**See** Master's Report, 10/08/13, at unnumbered page 10).

[2] Pursuant to the trial court's order, Wife filed a timely concise statement of errors on February 20, 2014. **See** Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on March 11, 2014. **See** Pa.R.A.P. 1925(a).

4. Did the trial court commit an abuse of discretion in adopting the report and recommendation of the Divorce Master who did not timely file his report and recommendation in accordance with the Rules of Civil Procedure?

(Wife's Brief, at 6).

Our standard of review is as follows:

> A trial court has broad discretion when fashioning an award of equitable distribution. Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. [W]e measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

> Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

***Childress v. Bogosian***, 12 A.3d 448, 455-56 (Pa. Super. 2011) (citations and quotation marks omitted).

In her first issue, Wife claims that the trial court abused its discretion in adopting the Master's recommendation to award her 60% of the insurance proceeds for the structure of the marital home, but no share of the proceeds for the contents of the home or living expenses related to the fire. (**See** Wife's Brief, at 14-23). She argues that "the entirety of the proceeds should be split 60/40 in favor of Wife." (**Id.** at 20 (emphasis omitted); **see also id.** at 23). Wife acknowledges the parties' long separation before the fire, but asserts that she left several items of marital personal property at the home, such as tools, guns, and appliances, which she intended to claim. (**See id.** at 20). This issue does not merit relief.

In addressing Wife's issue, we are mindful that "[t]he process of equitable distribution is an exercise in marshalling, valuing and dividing the marital pot in a fair manner." **Moran v. Moran**, 839 A.2d 1091, 1095 (Pa. Super. 2003) (citation omitted). "There is no simple formula by which to divide marital property; the method of distribution derives from the facts of the individual case." **Taper v. Taper**, 939 A.2d 969, 974 (Pa. Super. 2007) (citation omitted). "The courts attempt to split property equitably, instead of equally, taking into consideration such factors as length of marriage, the contributions of both spouses, ages and health of each spouse." **Id.** (citation omitted).

We also note that this Court has found that, under circumstances where an insurance policy on a marital residence is issued in only one spouse's name, the unnamed spouse may recover an equitable share of the

proceeds paid on that policy for personal property destroyed by fire. ***See Beamer v. Beamer***, 479 A.2d 485, 487, 489 (Pa. Super. 1984) (finding that, under particular circumstances of case, trial court should determine value of Wife's personal property left in possession of Husband and destroyed by fire where obvious that parties agreed to distribution of property and Wife left several items behind at Husband's request).

In the instant case, the record reflects that, in making its equitable distribution recommendation, the Master considered the parties' education levels and employment status, Husband's ability to earn a higher salary than Wife, Wife's lack of retirement benefits or health insurance, and each party's health conditions. (***See*** Master's Report, 10/08/13, at unnumbered pages 2-3, 8); ***see also Taper***, ***supra*** at 974. When considering the appropriate distribution of the insurance proceeds paid because of the fire at the marital residence, the Master recommended and the trial court agreed that Wife should receive a 60% share of the proceeds paid for the structure of the home, and Husband should receive only a 40% share. (***See*** Trial Ct. Op., at 4). However, the Master and the court concluded that Wife was not entitled to any of the funds paid for the contents of the home or for living expenses. (***See id***.). The court explained the basis for its decision regarding the contents of the home as follows:

> The parties had been separated for five years at the time of the fire. [(***See*** Master's Report, 10/08/13, at unnumbered page 2)]. Testimony revealed that Wife had moved her personal property from the home shortly after separation. [(***See*** N.T. Hearing, 8/17/12, at 17, 38)] (Where Wife testified that she

removed pre-marital property she had brought to the house) [;(*see id.* at 59)] (Where Wife testified that she hired a mover and a moving truck). Wife also testified that the only items of significant value purchased during the marriage were a dining room table, which she took when she moved out of the residence, and a living room set [valued at $3,000.00, left in the home. (*see id.* at 40-43; *see also* Master's Report, 10/08/13, at unnumbered pages 4, 9)]. Husband claimed that Wife took many items in addition to those she brought to the house including small appliances, dishes, furnishings, and an entertainment center. [(*See* N.T. Hearing, 8/17/12, at 63)]. The parties' daughter, Andrea Cerciello, testified that Wife moved many items from the home, including a dining room hutch, desk, pictures, and the contents of her bedroom. . . . [(*See* N.T. Hearing, 11/08/12, at 17-19)].

. . . [T]he value of the $3,000 living room set [lost in the fire], which both parties acknowledged was marital property, was factored into the total amount of marital assets. [(*See* Master's Report, 10/08/13, at unnumbered page 9)]. Although Wife claimed, and her friend Alison O'Shea corroborated, that there were additional personal items she intended to remove from the home, the Master determined that this argument was [not] compelling. [(*see id.* at unnumbered page 8; N.T Hearing 11/08/12, at 33-34)]. This determination was based on the [testimony at the hearings], the fact that five years had elapsed between the parties' separation and the fire, and that Wife had not made any claims to items in the home in the interim. [(*See* Master's Report, 10/08/13, at unnumbered pages 7-8).]

(*Id.* at 5-6).[3]

With respect to the living expense insurance proceeds, Husband testified that he used the funds to cover the cost of purchasing a mobile home to live in when the fire destroyed the marital home, while a new home was constructed. (*See* N.T. Hearing, 8/17/12, at 66-67; *see also* Master's

---

[3] Wife acknowledged that the parties never had an agreement with respect to the remaining contents of the home. (*See* N.T. Hearing, 8/17/12, at 31).

Report, 10/08/13, at unnumbered page 11). Wife had not lived in the marital home for five years, and therefore did not incur similar living expenses. (*See* N.T. Hearing, 8/17/12, at 43-44). Husband was the only named insured on the policy and he paid all premiums for coverage after the parties separated. (*See* Master's Report, 10/08/13, at unnumbered page 2; Trial Ct. Op., at 6).

Upon review, we conclude that the court's determination that Wife is not entitled to insurance proceeds for the contents of the home or living expenses is supported by the record where: Wife removed her property at separation five years before the fire; the parties did not enter an agreement with respect to the remaining contents; Wife made no claims for items left behind before the fire; and Wife did not incur any additional living expenses as a result of the fire. *Compare Beamer*, *supra* at 487, 489. We discern no abuse of discretion in the court's decision. *See Childress*, *supra* at 455-56. Wife's first issue does not merit relief.

In her second issue, Wife argues that the trial court abused its discretion in failing to award her interest on her portion of the insurance proceeds for the structure of the home from the date Husband received the funds. (*See* Wife's Brief, at 23). Wife contends that she is entitled to interest because Husband received the proceeds in 2011 and spent the funds to his benefit, while he gave her none of the proceeds. (*See id.*). This issue does not merit relief.

In her one-page argument on this issue, Wife cites one case, **Bryant v. Girard Bank**, 517 A.2d 968 (Pa. Super. 1986). (**See** Wife's Brief at 23). The **Bryant** case involved interest purportedly accrued on settlement funds, and Wife cites it for the general proposition that "[i]nterest is the compensation allowed by law for the deprivation of money." (Wife's Brief at 23 (quoting **Bryant**, **supra** at 979)). Wife cites no relevant legal authority to persuade us that she is entitled to interest on the insurance proceeds under the facts of this case. **See** Pa.R.A.P. 2119(a)-(b).

In the instant case, the trial court agreed with the Master's decision not to award interest based on its finding that the Master carefully considered the economic circumstances of Husband and Wife along with relevant statutory factors, and fairly and accurately interpreted the testimony and evidence presented at the hearings. (**See** Trial Ct. Op. at 5, 11-12). The trial court concluded that it could "find no compelling reason to award [W]ife interest on the insurance money when she was awarded a 60% share of the marital assets." (**Id.** at 12). We find no abuse of discretion in the court's decision. **See Childress**, **supra** at 455-56. Moreover, Wife's assertion that Husband should have paid her in 2011 immediately upon receipt of the funds is specious where the record shows that the parties wholly disagreed as to the appropriate allocation of funds and sought resolution through equitable distribution. Accordingly, Wife's second issue does not merit relief.

In her third issue, Wife claims that the trial court abused its discretion in failing to award her 60% of the MetLife account (valued at $6,433.15) that Husband cashed in to help her with moving expenses. (**See** Wife's Brief, at 24). In support of this issue, Wife argues that Husband's testimony was not credible, because he first testified that he gave her approximately $6,000.00 to help with moving expenses, and later "contradicted himself" by stating that he gave her $5,000.00 for these expenses. (**Id**. (citing N.T. Hearing, 11/08/12, at 6, 12)). Wife asserts that she testified that Husband gave her only $2,500.00 for expenses, not the entire amount from the MetLife account.[4] (**See id.**). This issue does not merit relief.

As stated above, a master's report is to be given the fullest consideration, especially on questions of witness credibility, because the master had the opportunity to observe the parties' demeanor and behavior. **See Childress**, **supra** at 455-56. It was for the trial court to weigh the evidence and resolve credibility issues, and this Court will not reverse its determinations if the evidence supports them. **See id.**

Here, Husband testified that he gave all of the funds from the MetLife account to Wife to help with moving costs. (**See** N.T. Hearing, 11/08/12, at 6). When asked on cross-examination by Wife's attorney whether he gave

_____

[4] Wife provides this Court with no citation to the record for this purported testimony, (**see** Wife's Brief, at 24), and after review of the hearing transcript, we did not locate her testimony to this effect.

Wife only $3,000.00 to help her move, Husband answered "No." (*Id.* at 12). The Master found Husband's testimony that he gave Wife all of the funds from the MetLife account credible despite his reference to a $5,000.00 figure. (*See* Master's Report, 10/08/13, at unnumbered page 10; *see also* N.T. Hearing, 11/08/12, at 12). The trial court reviewed the record and found no evidence that Husband agreed to give Wife only $2,500.00 toward moving expenses. (*See* Trial Ct. Op., at 10). The court determined that Wife's recollection of the record did not comport with the hearing testimony, and that the record instead supported the Master's findings. (*See id.*). We agree, and conclude that the court did not abuse its discretion in declining to award Wife 60% of the MetLife account where the record reflects that she used all of the proceeds for moving expenses. *See Childress*, *supra* at 455-56. Wife's third issue lacks merit.

In her fourth issue, Wife argues that the trial court abused its discretion in adopting the Master's report because the Master failed to file it within thirty days of the equitable distribution hearing in this matter, in violation of Pennsylvania Rule of Civil Procedure 1920.55-2.[5] (*See* Wife's Brief, at 24; *see also* Rule 1925(b) Statement, 2/20/14, at unnumbered

---

[5] Pennsylvania Rule of Civil Procedure 1920.55-2, provides in relevant part that, after the conclusion of a hearing, a Master "shall . . . file the record and the report within . . . thirty days after the receipt of the transcript by the master in contested actions[.]" Pa.R.C.P. 1920.55-2(a)(1)(ii).

pages 1-2). Wife contends that the court should not have adopted the report because the Master filed it nearly one year after the final hearing. (*See* Wife's Brief, at 24). This issue is waived.

It is an appellant's responsibility to ensure that this Court receives a complete record, and when deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may find certain issues waived. *See* Pa.R.A.P. 2101; *see also Cresci Const. Serv.*, *Inc. v. Martin*, 64 A.3d 254, 266 (Pa. Super. 2013). Here, in her appellate brief, Wife has not provided this Court with any legal argument to support her contention that the court abused its discretion in accepting the Master's report. (*See* Wife's Brief, at 24). Wife's only presented argument on this issue consists of one and one-half sentences; her brief omits the subsequent page that presumably addressed this issue. (*See id.*). Accordingly, the issue is waived. *See* Pa.R.A.P. 2101; *see also Cresci Const. Serv., Inc.*, *supra* at 266.[6]

---

[6] Moreover, Wife's fourth issue would not merit relief. First, we note that Rule 1920.55-2(a)(1)(ii) sets forth a thirty-day deadline for the Master to file a report after receipt of the transcript, not a thirty-day timeframe from the date of the hearing. Further, even assuming a violation of the rule, "the court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126.

Here, the trial court acknowledged the lengthy delay between the equitable distribution hearings and filing of the Master's report. (*See* Trial Ct. Op., at 7). It considered the proceedings and determined that the delay did not substantially affect the parties' rights where the record reflects that

*(Footnote Continued Next Page)*

Decree affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2014

---

*(Footnote Continued)* ———————————

the Master carefully considered the unique facts of this case and his report was in accord with the testimony and evidence presented at the hearings. (***See id.*** at 5, 7); ***see also*** Pa.R.C.P. 126.  We discern no abuse of discretion in the trial court's disposition of this issue.