J-S15001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DONNER FINANCIAL GROUP, LLC, A/K/A UNITED CHECK CASHING | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AUTO TAGS BY MAVERICK, INC. AND FIRAS NUSIRE AND SAMIRE NUSIRE | |
| Appellants | No. 2886 EDA 2016 |

Appeal from the Judgment Entered August 23, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2014-02002

BEFORE:   BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                **FILED April 25, 2017**

Auto Tags by Maverick, Inc. and Firas Nusire and Samire Nusire (collectively "Appellants"), appeal from judgment entered in favor of Donner Financial Group, LLC, a/k/a United Check Cashing ("Donner"), in the amount of $26,000, plus interest.  We affirm.

The following facts underlie this dispute.  In December 2010, Appellants and Donner were separately engaged in the check-cashing business.  Although the parties were competitors to a certain extent, Donner aided Appellants' business by purchasing their checks, on a wholesale basis, for a nominal fee since Appellants did not otherwise have the support of a bank.  In addition, in order to meet their customers' check-cashing needs

during the 2011 tax season, Appellants sought, and received, an interest-free, $30,000 loan from Donner. At the conclusion of the 2011 tax season, Appellants repaid that loan.

In December 2012, Appellants approached Donner to discuss another interest-free loan. Subsequently, Donner furnished Appellants with three separate payments totally $26,000: 1) on December 24, 2012, Donner provided Appellants with $15,000; 2) on January 11, 2013, Donner supplied another $6,000; and, 3) on January 17, 2013, Donner gave Appellants an additional $5,000. The parties did not reduce the terms of their loan agreement to writing. However, Donner documented the payments by generating three chits detailing the amount and date of each disbursement. Appellants did not repay the $26,000 it received from Donner.

Donner initiated this matter to recover the money due and owing from the advances it provided Appellants. A bench-trial was held and Appellants argued that the money at issue did not represent the proceeds of a loan, but rather, Donner's contribution to a joint-venture that the parties had agreed to establish. The court afforded the parties time to reach a settlement, which did not materialize. It heard closing arguments on March 9, 2016. Shortly thereafter, the court found in favor of Donner and awarded it $26,000, plus 6% pre-judgment interest calculated from June 1, 2013.

Appellants filed post-trial motions, which were denied, and after judgment was entered on August 23, 2016, timely filed a notice of appeal.

Appellants complied with the trial court's order to file a Rule 1925(b) statement of errors complained of on appeal, and the court authored its Rule 1925(a) opinion. This matter is now ready for our review.

Appellants presents four questions for our consideration:

1. Whether the evidence was insufficient to support a verdict in favor of [Donner] in that the conduct of [Donner] was far more consistent with the money outlaid being an investment rather than a loan.

2. Whether the verdict was against the weight of the evidence in that the weight of the evidence suggested that this was an investment as opposed to a loan.

3. Whether the court erred in admitting Exhibit P-2.

4. Whether the court erred in assessing interest from June 1, 2013 to the date of verdict as there was no factual or legal support for the award of interest or for the award of interest to begin from that date.

Appellants' brief at 4 (unnecessary capitalization omitted).

At the outset, we note that although Appellants purport to challenge the sufficiency of the evidence supporting the trial court's decision in Donner's favor, their argument, as discussed *infra*, only disputes the weight of the evidence. Since Appellants did not develop their sufficiency challenge in a meaningful fashion capable of review, we find that claim waived. *McEwing v. Lititz Mut. Ins. Co.*, 77 A.3d 638, 646-647 (Pa.Super. 2013).

We review a weight of the evidence claim in light of the following guidelines:

> [a]ppellate review of a weight claim is a review of the [trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Gold v. Rosen*, 135 A.3d 1039, 1041-1042 (Pa.Super. 2016) (citation omitted). Further, the court "is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Haan v. Wells*, 103 A.3d 60, 70 (Pa.Super. 2014) (citation omitted).

The trial court determined that the three payments made to Appellants reflected a business loan. It reviewed the testimony offered by Donner and Appellants and found that Terry Trexler, Donner's co-owner, credibly testified that the transaction was a loan. It noted that Mr. Trexler provided insight into the general manner in which the parties conducted business, including a previous $30,000 loan that he supplied Appellants. The court did not credit the testimony of Mr. or Mrs. Nusire about the joint venture. Rather, it found Mr. Nusire's statements were not supported by the record, and that Mrs. Nusire's "memory and knowledge were uncertain and considerably selective." Trial Court Opinion, 11/4/16, at 9.

- 4 -

Appellants present their purported sufficiency claim and their challenge to the weight of the evidence together. They assail the trial court's ruling on the grounds that the evidence presented is "more consistent with the funds paid being an investment as opposed to a loan[.]" Appellants' brief at 9. In this vein, Appellants assert that the court discounted evidence suggesting that Donner distributed staggered payments, that it failed to create a written repayment plan, and that Donner discussed its role in a future business. When considered properly, Appellants continue, the evidence reflects the payments were "more likely" an investment. *Id*. at 10. Appellants posit that the trial court failed to consider any evidence that "ran contrary to the loan theory," such as testimony that the parties had discussed business arrangements and had met to scout potential locations. *Id*. Appellants conclude that "[b]ased on the uncontradicted evidence that the parties were involved in a joint venture," the judgment was against the weight of the evidence. *Id*. at 13.

Instantly, the trial court credited Mr. Trexler's testimony and found Mr. Nasire's testimony incredible. Mr. Trexler observed that he had provided Appellant with an interest-free $30,000 loan in 2011 after Appellant had requested help for the upcoming 2012 tax season. N.T. Trial, 10/27/15, at 9. He stated that Mr. Nasire repaid that loan. *Id*. at 14. In addition, Mr. Trexler testified that he lent Appellant a total of $26,000 in 2012 and 2013. *Id*. at 18-22. He characterized the payments as a loan, and expected

repayment after the 2013 tax season, as those were the terms of their previous agreement. *Id*. at 22-23. Mr. Trexler admitted that the parties had discussed cooperative business relationships, but that he was not interested in launching such an operation with Appellant. *Id*. at 42-44; 46-47. The court also considered the testimony of Mandy Cloud and Deborah Trexler, who reiterated that the payments totaling $26,000 were a business loan, and that Donner expected Appellant to repay that money following tax season. *Id*. at 97-99; 107-108.

In light of this evidence, we are not persuaded that the court abused its discretion in determining that the verdict was not against the weight of the evidence. Although Mr. Trexler conceded that the parties had discussed the possibility of a joint venture, the testimony credited by the court established that the three payments were intended as a loan to be repaid following tax season. This conclusion is bolstered by the party's previous business dealing during the prior tax season. Moreover, Appellants produced no evidence, other than the Mr. and Mrs. Sumire's testimony, that the payments were a business investment or that the parties were engaged in a joint venture. As noted above, the trial court did not credit that testimony. *Haan*, *supra*. Thus, the court did not abuse its discretion in this regard, and Appellants are not entitled to relief.

Appellants next claim that the trial court erred in admitting exhibit P-2 since that document purportedly represents a negotiation and compromise

offered to Donner by Mr. Samire. We apply a deferential standard of review to decisions regarding the admissibility of evidence. We grant the trial court "broad discretion, and we will only reverse a trial court's decision to admit or deny evidence on a showing that the trial court clearly abused its discretion." *Commonwealth v. Talbert*, 129 A.3d 536, 539 (Pa.Super. 2015) (citation omitted). An abuse of discretion "is not merely an error in judgment, but an overriding misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id*.

Pennsylvania Rule of Evidence 408, governing compromise offers and negotiations, reads:

(a) Prohibited Uses. Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

   (1) Furnishing, promising, or offering – or accepting, promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and

   (2) Conduct or a statement made during compromise negotiations about the claim.

(b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Pa.R.E. 408.

The trial court observed that it was "unclear that Exhibit P-2 constituted an offer to settle within the context of settlement negotiations between the parties." Trial Court Opinion, 11/4/16, at 10. It opined that "the exhibit was apparently proffered by [Donner's] counsel as an implied admission by [Appellant] Mr. Nusire that he had entered into a loan agreement with [Donner], and that [Appellants] were obligated to repay the $26,000 loan." *Id*. The court notes that, although Appellants objected to the admission of P-2, they did not object to questions and answers raised in regard to that document, and thus, it found the exhibit was properly admitted.

Appellants argue that the court abused its discretion in admitting P-2 since it properly objected to the document as representing a compromise offer and negotiation, and that its admission permitted the court to consider it as evidence. We agree with Appellants that the court abused its discretion in admitting exhibit P-2. However, we find this error to be harmless.

A review of exhibit P-2 demonstrates that it was an offer Mr. Nusire made to Donner to reconcile the $26,000 debt Appellants incurred. It stated, in part, "Mr. Trexler is now making request for the $26,000.00 to be paid back by Mr. Nusire, and since Mr. Nusire is unable to pay back the lumpsum [sic]," and described Mr. Nusire's proposed compromise, wherein he would make "equal monthly payments of $1,000.00 (one thousand dollars) due on every 15th of every month for 26 months[.]" Exhibit P-2 at

unnumbered 1. Undoubtedly, this document represents an attempt by Mr. Nusire to negotiate and compromise the disputed debt, and thus, it falls squarely within the purview of Rule 408. Moreover, the trial court itself asserted that Donner likely proffered the exhibit as an admission as to the validity and amount of the disputed claim. Nor does our review of the record indicate that the document was offered to prove bias or negate a contention of undue delay. Hence, we find the trial court abused its discretion in admitting exhibit P-2.

Nevertheless, we find the trial court's error was harmless. We have long held that, "[f]or a ruling on the admissibility of evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party." *Koller Concrete, Inc. v. Tube City IMS, LLC*, 115 A.3d 312, 316 (Pa.Super. 2015) (citation omitted). In this case, Donner presented substantial evidence that the payments made to Appellants in 2012 and 2013 constituted a loan to be repaid under the same terms as the loan Donner provided the year prior. In addition, the trial court did not expressly rely on the exhibit in its decision. Rather, the court focused its analysis on the credibility of the witnesses and the common business practices between the parties. As such, Appellants are not entitled to relief.

Finally, Appellants assail the court's imposition of pre-judgment interest from June 1, 2013. In some instances, we review an award of prejudgment interest for an abuse of discretion. *Cresci Const. Services,*

*Inc. v. Martin*, 64 A.3d 254, 258 (Pa.Super. 2013). However, prejudgment interest is a matter of right where "the breach consists of a failure to pay a definite sum in money[.]" *Id*. at 259 citing Restatement (Second) of Contracts § 354. In cases where the damages are "liquidated and certain," prejudgment interest is allowed "at the legal rate from the date that payment was wrongfully withheld[.]" *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 590 (Pa.Super. 2003) (citation omitted). The maximum rate of interest applicable to a loan for $50,000 or less in cases where no express contract exists is six percent. 41 P.S. § 201.

Appellants argue that the trial court erred in awarding prejudgment interest since the parties did not agree on a date for repayment, and the court imposed the maximum possible interest rate. They insist that the record does not support a finding that interest should apply as of June 1, 2013. Further, they assert that, since the previous loan was interest free, imposing the maximum interest rate here would be unfair. We disagree.

Here, the trial court found that Appellants had failed to repay a loan in the amount of $26,000. Appellants did not dispute this amount, but rather, argued the sum reflected an investment rather than a loan. The testimony at trial revealed that that the loan was repayable "in May or June of '13." N.T. Trial, 10/27/15, at 31; *see also id*. at 107-108.

Since Appellant failed to repay a definite amount of money, Donner had a right to pre-judgment interest as of the date that payment was

- 10 -

unlawfully withheld. ***Cresci***, ***supra***; ***Griffith***, ***supra***. The record supports the trial court's determination that repayment was due sometime in May or June of 2013. Furthermore, the court imposed a rate of interest within the range provided by statute. We find no error in the court's decision to impose pre-judgment interest at a rate of six-percent, beginning on June 1, 2013. Thus, this claim does not warrant relief.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2017