## PHILADELPHIA CONSTRUCTION SERVICES, LLC, Appellant,

### v.

### Allan DOMB, Appellee.

### Philadelphia Construction Services, LLC, Appellee,

### v.

### Allan Domb, Appellant.

Superior Court of Pennsylvania.

Submitted May 22, 2006.

Filed July 19, 2006.

---

Mark D. Pfeiffer, Philadelphia, for Philadelphia Construction.

Henry J. Donner, Philadelphia, for Domb.

BEFORE: BENDER, PANELLA and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Philadelphia Construction Services, LLC,. appeals from the trial court's November 18, 2005, Order sustaining Allan Domb's preliminary objections in part after the court found appellant had not given the statutorily required preliminary notice prior to filing a mechanics' lien, thereby dismissing appellant's mechanics' lien claim with prejudice. Domb cross-appeals from the same Order whereby the trial court found he had not filed an effective waiver of liens.

¶ 2 The record establishes the following factual and procedural background. On August 16, 2004, cross-appellant filed a waiver of liens signed by Novius Development Company, Inc., with the Philadelphia County Prothonotary. The waiver purportedly applied to any sub-contractor Novius eventually hired to assist in the completion of construction work on units inside the Lippencott Building in Philadelphia. On September 21, 2004, Novius entered into a sub-contract agreement with appellant pertaining to the Lippencott project.[1] Cross-appellant obtained title to the Lippencott property on December 30, 2004. Appellant walked off the Lippencott project on April 29, 2005.

¶ 3 Appellant sent preliminary and formal notice to cross-appellant of the intent to file a mechanics' lien on June 22, 2005 and July 21, 2005, respectively. Shortly thereafter, on August 29, 2005, appellant instituted the underlying action by filing a mechanics' lien. Cross-appellant countered by filing preliminary objections on September 20, 2005, averring appellant's lien was defective because appellant had failed to comply with the preliminary notice requirements of 49 P.S. § 1501(a), **Notices by subcontractor as condition precedent.** Specifically, cross-appellant contended appellant failed to send preliminary notice prior to "completion of the work" on the Lippencott project. Cross-appellant further averred the waiver of liens filed in August of 2004 precluded the lien pursuant to 49 P.S. § 1402, **Waiver by contractor; effect on subcontractor.**

---

1. A copy of the Novius sub-contract agreement is not included in the record.

¶ 4 Appellant answered the preliminary objections on October 11, 2005, by asserting the preliminary notice requirements of 49 P.S. § 1501(a) were satisfied because it had reached "completion of the work" on the Lippencott project. Appellant also asserted cross-appellant's waiver of liens was ineffective because it was not filed while cross-appellant owned the subject property and it was not properly indexed, as required by 49 P.S. § 1402, *supra.*

¶ 5 Cross-appellant filed a motion to determine preliminary objections on October 12, 2005, and on November 18, 2005, the trial court issued the underlying Order in this matter, outlining the reasoning behind the Order in a footnote. Record, No. 6. The trial court determined cross-appellant's waiver of liens was ineffective because cross-appellant did not have title to the property when the waiver was filed. *See* 49 P.S. § 1402. The trial court also determined, however, the mechanics' lien was ineffective because appellant had failed to provide preliminary notice to cross-appellant prior to "completion of the work" as required by 49 P.S. § 1501(a). The court based this determination on an averment in appellant's claim stating, in part, appellant had delivered all the materials due under the Novius contract on April 29, 2005, almost two months prior to sending preliminary notice.

¶ 6 Shortly thereafter, on December 16, 2005, appellant filed a notice of appeal and on December 20, 2005 the trial court filed an Opinion which incorporated the reasoning set forth in the aforementioned footnote to the November 18th Order. Trial Court Opinion, Grazer, J., 12/20/05, at 1. Subsequently, cross-appellant filed a notice of cross-appeal.

¶ 7 For ease of discussion, we first turn to the issues raised on cross-appeal. Cross-appellant Domb argues the trial court erroneously concluded he did not own the property at the time the waiver was filed as required by 49 P.S. § 1402, thereby erring in finding the waiver ineffective. The thrust of cross-appellant's argument is that by virtue of signing a buy and sell agreement for the property prior to filing the waiver, he was the *equitable/beneficial* owner of the Lippencott property, even though he had not yet obtained title when the waiver was filed. *See Stratford v. Boland,* 306 Pa.Super. 475, 452 A.2d 824, 825 (1982).

¶ 8 We need not reach the merits of cross-appellant's argument because there is no evidence on record as to when the buy and sell agreement was executed and, therefore, cross-appellant's argument is waived. *Cade v. McDanel,* 451 Pa.Super. 368, 679 A.2d 1266, 1268 (1996) (citations omitted) (noting we may only consider facts duly certified in the record on appeal and the party appealing an issue has the duty to provide this Court with a sufficient record allowing us to review the issue raised and, in the absence of a sufficient record, the issue sought to be reviewed is waived).[2]

---

2. The only information on record demonstrating the date cross-appellant assumed ownership of the property is a transaction record from the County Recorder of Deeds for Philadelphia County and a form from the Philadelphia Board of Revision of Taxes, both of which show cross-appellant obtained the property on December 30, 2004, months after the waiver of liens was filed. Record, No. 7, Answer to Preliminary Objections, Exhibits A and B.

Cross-appellant contends the waiver which lists him as "owner" filed on August 18, 2004 is sufficient to demonstrate he was the equitable owner by that date. Cross-appellant's reply brief at 1. We disagree. The waiver says nothing about the execution of a buy and sell agreement. Record, No. 4, Preliminary Objections, Exhibit C. The waiver could have been drafted in anticipation of a pending buy and sell agreement. We refuse to engage in guess-work with respect to this question.

¶ 9 We now turn to the issues appellant raises with respect to the trial court's decision to sustain cross-appellant's preliminary objection that he had not received proper preliminary notice of the mechanics' lien pursuant to 49 P.S. § 1501(a). Our standard of review over a trial court's decision to sustain preliminary objections is well-settled:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Wentzel–Applewood Joint Venture v. 801 Mkt. St. Assocs., LP,* 878 A.2d 889, 892 (Pa.Super.2005), *quoting Brosovic v. Nationwide Mut. Ins. Co.,* 841 A.2d 1071, 1073 (Pa.Super.2004) (citation omitted).

¶ 10 Appellant argues the trial court incorrectly concluded the preliminary notice provision of 49 P.S. § 1501(a) was violated. In support of this argument, appellant points out that the provision requires preliminary notice of intent to file a mechanic's lien must be sent "on or before the date of the completion of the work." 49 P.S. § 1501(a). It further notes the phrase "completion of the work" is defined by statute as "performance of the last of the labor *or* delivery of the last of the materials required by the terms of the claimant's contract or agreement, *whichever last occurs."* 49 P.S. § 1201(8), **Definitions** (emphasis added). Relying on this definition, appellant asserts work had not been completed under the terms of the sub-contract agreement with Novius by the time preliminary notice was sent on June 22, 2005 because appellant had stopped work in the wake of Novius' alleged breach of contract. Appellant's brief at 13. Appellant maintains the trial court was required to accept as fact the averment in its mechanics' lien claim that it had not yet completed work on the Lippencott project by pointing to *Tucker v. Philadelphia Daily News,* 757 A.2d 938, 941 (Pa.Super.2000), *reversed in part on other grounds,* 577 Pa. 598, 848 A.2d 113 (2004).

¶ 11 We agree. The trial court was required to accept the averments in appellant's claim as fact. This Court has stated:

> We must accept all material facts set forth in the complaint as well as all the inferences reasonably deductible therefrom as true. The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Kelly v. St. Mary Hosp.,* 694 A.2d 355, 357 (Pa.Super.1997), *citing Powell v. Drumheller,* 539 Pa. 484, 653 A.2d 619, 621 (1995) (citations omitted).

¶ 12 Appellant's claim clearly states the following:

> 6. Claimant supplied the last of the labor or materials on or about April 29, 2005, which is less than four (4) months prior to the filing of this claim. *Claimant has not completed the entire work for the project as the Contractor has breached its payment obligations to the Claimant, and Claimant has according-*

*ly been prevented, excused or hindered in the completion of the work.*

Record, No. 1, Mechanics' Lien Claim at ¶ 6 (emphasis added).

¶ 13 Both the trial court and this Court are required to accept appellant's factual contention, as a matter of law, that work had not been completed by the time notice of the mechanics' lien had been sent to cross-appellant due to the fact cross-appellant's preliminary objections were in the nature of a demurrer.

■ ¶ 14 Apparently anticipating the potential for this Court to accept appellant's averment as fact, cross-appellant switches gears and points out in a somewhat disjointed and inarticulate manner, that accepting as fact appellant's averment the work was not completed by the time preliminary notice was sent on June 22, 2005, simultaneously results in a situation whereby appellant could not have adhered to the requirement under 49 P.S. § 1502(a), **Filing and notice of filing a claim**, that a mechanics' lien be perfected by filing within four months after "completion of the work." Cross-appellant contends that if we accept appellant's averment and also conclude the mechanics' lien was properly perfected, such a course of action would render the four-month filing requirement meaningless in other cases because an aggrieved subcontractor could bring a mechanic's lien claim years down the road as long as they aver in their claim they never completed their work. In essence, cross-appellant is arguing that even if we accept as fact appellant sent effective preliminary notice, appellant's lien is still unperfected because appellant failed to file the claim within four months of reaching "completion of the work." We concur.

¶ 15 As we recently noted:

The Mechanics' Lien Law is a creature of statute in derogation of the common law, and any questions of interpretation should be resolved in favor of a strict, narrow construction. To effectuate a valid lien claim, the contractor or subcontractor must be in strict compliance with the requirements of the Mechanics' Lien Law.

*Wentzel–Applewood Joint Venture, supra* at 892, *quoting Martin Stone Quarries, Inc. v. Robert M. Koffel Builders,* 2001 PA Super 318, 786 A.2d 998, 1002 (Pa.Super.2001) (citation omitted), *appeal denied,* 569 Pa. 707, 805 A.2d 525 (2002), *accord* 1 Pa.C.S.A. § 1928(a), **Rule of strict and liberal construction**.

■ ¶ 16 A mechanics' lien is an extraordinary remedy, which should only be afforded to subcontractors who judiciously adhere to the requirements of the Mechanics' Lien Law, as an aggrieved subcontractor also has an action sounding in breach of contract:

The Mechanics' Lien statute provides an expeditious method to obtain a lien at very little cost to the claimant. Therefore, it is the claimant's principal responsibility to ensure timely service of the claim. *If a Mechanics' Lien claim is not timely perfected, however, the claimant still has an adequate remedy in a suit for monetary damages arising out of a breach of contract.* The advantage of a Mechanics' Lien is that the lien takes effect sooner and assumes priority over other liens. By contrast, a judgment lien takes effect and priority on the date of entry of judgment. Thus, a claimant who desires a Mechanics' Lien must be vigilant in adhering to the service requirements in the statute.

*Regency Invs. v. Inlander Ltd.,* 855 A.2d 75, 80 (Pa.Super.2004) (emphasis added).

■ ¶ 17 The language of the Mechanics' Lien Law is clear and unambiguous and, as such, must be construed pursuant to common usage. *See Friedman v. Grand Cent. Sanitation, Inc.,* 524 Pa. 270, 571 A.2d 373, 376 (1990), *quoting* 1 Pa.

C.S.A. § 1903(a), **Words and phrases.** Appellant was required to send preliminary notice on or before "completion of the work." 49 P.S. § 1501(a). As we are required to do pursuant to precedent, we must accept as fact appellant's averment it had not completed the work under the contract prior to sending preliminary notice on June 22, 2005. *See Kelly, supra* at 357. What is also clear, however, is that appellant was required to file the mechanics' lien claim within four months of "completion of the work" in order to properly perfect the lien. 49 P.S. § 1502(a). We cannot, therefore, reach the conclusion that appellant properly perfected the lien. To do so would require us to simultaneously apply two definitions of the phrase "completion of the work." In other words, if appellant can aver they had not completed the work *required under the contract* by the time they sent preliminary notice on June 22, 2005, they cannot also assert they perfected the lien within the four month time frame because to do so would be to rely on a differing definition of "completion of the work," i.e., *meaning the last day appellant was actually on the job.* Concluding that we are constrained by a single statutory definition of this phrase, it is impossible for appellant to demonstrate it perfected the lien within four months of "completion of the work." *See* 49 P.S. § 1201(8). Consequently, while we accept appellant's averment that it successfully complied with the preliminary notice requirements of 49 P.S. § 1501(a), appellant failed to properly perfect the lien pursuant to 49 P.S. § 1502(a).

 ¶ 18 In reaching this conclusion, we note we are cognizant of the policy considerations underlying appellant's position. Our conclusion mandates an aggrieved subcontractor must serve preliminary notice prior to "completion of the work" and then finish the job so they can perfect the lien within four months of "completion of the work." At first glance, such a mandate may seem fundamentally unfair because it forces a subcontractor to render full performance even when the other party already has breached the contract in order to be afforded the remedy of a mechanics' lien. As we have noted, however, mechanics' liens take effect sooner and assume priority over other liens and, hence, these liens provide a remedy which is more expeditious and advantageous to the subcontractor when compared to a breach of contract judgment. *Regency Invs., supra* at 80. If a subcontractor wants to take advantage of this extraordinary remedy, he must comply with the statute as the legislature intended. *Id.* If a subcontractor wishes to walk off the job prior to "completion of the work" because he thinks there is a breach of contract, the subcontractor is afforded the remedy of pursuing a breach of contract claim. We are of the opinion this result is equitable.

 ¶ 19 We also recognize the trial court erred as a matter of law in refusing to accept as fact appellant's averment they had not completed the work. If the trial court had accepted this averment as fact, then the trial court would have been forced to act according to the assumption that appellant had complied with the preliminary notice provision of 49 P.S. § 1501(a). This error, however, is insignificant in light of our finding appellant failed to properly perfect the lien.

¶ 20 Order affirmed.