J-A03036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARK E. MCFADDEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| 403 GORDON DRIVE, LLC AND PENN | : | No. 154 EDA 2021 |
| FOUNDATION | : | |

Appeal from the Order Entered December 7, 2020
In the Court of Common Pleas of Chester County Civil Division at No(s):
No. 2020-05835-ML

BEFORE:    STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED FEBRUARY 28, 2022**

Mark E. McFadden (Appellant) appeals *pro se* from the orders entered, at the same trial docket, in the Chester County Court of Common Pleas, which: (1) sustained the preliminary objections of 403 Gordon Drive, LLC (403 Gordon Drive) and Penn Foundation (collectively, Appellees); and (2) struck Appellant's mechanic's lien claims[1] as untimely filed.  The trial court also suggests Appellant's Pa.R.A.P. 1925(b) statement was untimely filed. Appellant raises nine issues for our review.  After careful review, we decline to find waiver based on an untimely Rule 1925(b) statement, but agree that the mechanic's liens were untimely filed.  Accordingly, we affirm.

---

[1] *See* Mechanics' Lien Law of 1963, 49 P.S. §§ 1101 – 1902.

## I. Procedural History

According to Appellant's pleadings, he performed contracting work or renovations at a commercial property in Exton, Chester County. 403 Gordon Drive is the owner of the property, and Penn Foundation is the tenant. Appellant alleges that Appellees owe $22,724.48, for services rendered by him on the construction project.[2]

This matter commenced with Appellant's *pro se* electronic filing of two mechanic's lien claims: one against 403 Gordon Drive and one against Penn Foundation. Appellant filed both together in one filing.[3] We note all the documents in the certified electronic record, whether relating to one Appellee or both, bear one docket number: 2020-05835-ML.

The trial docket date for the mechanic's lien claims filing is August 20, 2020. Trial Docket, 3/10/21, at 3. In both claims, Appellant averred the following, emphasizing the relevant date:

> [Appellant] completed his work at the property on **February 17, 2020**, which is six months before the filing of this claim. Final invoices were sent to [403 Gordon Drive] on February 18, 2020.

_____

[2] Appellant states that on June 4, 2020, he filed a related, counseled civil complaint in the Chester County Court of Common Pleas, at trial docket 2020-03579-CT. Appellant's Brief at 18. As a part of that case, on January 29, 2021, 403 Gordon Drive "issued a partial payment" of $16,815.49 to Appellant, and thus "the remaining balance" due is $5,908.99. **Id.** at 13. Appellant avers "[t]his matter is still ongoing." **Id.**

[3] The mechanic's lien claim against 403 Gordon Drive is marked with page numbers 1 through 4, and the claim against Penn Foundation is paginated 5 through 8.

Appellant's Mechanic's Lien Claim, 403 Gordon Drive, LLC, 8/20/20, at 4; Appellant's Mechanic's Lien Leaseholder Claim, Penn Foundation, 8/20/20, at 8.

On October 1 and 7, 2020, respectively, 403 Gordon Drive and Penn Foundation filed preliminary objections (PO's). Again, we note that both parties' PO's bear the same trial docket number, 2020-05835-ML. Both Appellees argued that Appellant's mechanic's lien claims were untimely filed beyond the six-month period set forth in Section 1502(a)(1) of the Mechanic's Lien Law. **See** 49 P.S. § 1502(a)(1) ("To perfect a lien, every claimant must . . . file a claim . . . within six (6) months after the completion of his work[.]"). Appellees claimed that by Appellant's own admission, he completed the work at the property on February 17, 2020, and thus he was required to file a mechanic's lien claim by August **17**, 2020. Appellees argued that the claims, filed on August **20th**, must therefore be stricken.

Appellant filed responses to both Appellees' PO's, acknowledging he was last present at the property on February 17, 2020, but insisted the work was not completed until February 18th, "when all final paperwork and invoices were compiled and submitted to" Appellees. **See** Appellant's Answer in Opposition to Preliminary Objections of 403 Gordon Drive, 10/19/20, at 2. Appellant further asserted he initially filed the mechanic's lien claims on August 18, 2020, and the August 20th filing was made merely to "correct a clerical issue[, when he] was advised to remove the cover sheets from" his

August 18th filing. *Id.* Finally, Appellant claimed Appellees improperly raised an affirmative defense — the statute of limitations — in their PO's, when Pa.R.C.P. 1030 requires such a defense to be presented as a new matter. *Id.*

On December 7, 2020, the trial court entered the underlying orders, sustaining Appellees' PO's and striking Appellant's mechanic's liens claims. The court agreed with Appellees that the claims were untimely filed beyond Section 1502's six-month period.

Appellant filed a timely notice of appeal.[4] On January 8, 2021, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days, or by Friday, January **29th**. Appellant filed a seven-page statement, which was entered on the trial docket with a

_____

[4] While the trial court opinion states that Appellant filed a "single appeal from [its] two Orders[,]" the court does not aver this appeal relates to different two trial docket numbers. *See Walker*, 185 A.3d at 977 (when a single order resolves issues arising on more than one trial court docket, separate notices of appeal must be filed), *overruled in part*, **Commonwealth v. Young**, ___ A.3d ___, ___, 2021 WL 6062566 at *1 (Pa. Dec. 22, 2021) (reaffirming that Pa.R.A.P. 341 requires separate notices of appeal when single order resolves issues under more than one docket, but holding Pa.R.A.P. 902 permits appellate court to consider appellant's request to remediate error when notice of appeal is timely filed).

Our review of the electronic certified record reveals two copies of the trial court's order, stamped as "filed" at the same time, 11:05 a.m. on December 7th. The two orders, including their time-stamps, appear to be identical. The captions include both Appellees — 403 Gordon Drive and Penn Foundation — and, like all the documents in the record, bear one trial docket number: 2020-05835-ML. Under these circumstances, we conclude **Walker** is not implicated.

filing date of January **30th**. The trial court issued an opinion, suggesting this appeal should be quashed for an untimely Rule 1925(b) statement, and furthermore that the statement was not concise but instead "somewhat rambling." Trial Ct. Op., 2/26/21, at 2. The court also opined, in the alternative, that its order should be affirmed on the ground Appellant's mechanic's lien claims were untimely filed.

On March 8, 2021, Appellant filed a "Motion for Reconsideration of Opinion and Order," contesting, *inter alia*, the trial court's finding that his Rule 1925(b) statement was untimely. Appellant explained that he attempted to electronically file the statement at 11:56 p.m. on January 29th, the filing deadline, but could not attach the certificate of service and other documents. He thus further reviewed the electronic-filing system to "determine the proper way to include attachments," and at 12:15 a.m. — on January 30th — filed the same Rule 1925(b) statement, along with the attachments. Appellant's Motion for Reconsideration of the Court's Opinion & Order, 3/8/21, at 2. In support, Appellant attached a report, entitled "My Filings," from the court prothonotary's electronic-filing system, which showed a filing at 11:56 p.m. on January 29th and a second filing at 12:15 a.m. on January 30th. The trial docket does not indicate any action by the trial court on this motion.

## II. Statement of Questions Involved

Appellant raises nine issues for our review:

A. Did the Trial Court timely transmit the Record as required in Pa.R.A.P. Rule 1931?

1. Was the Trial Court Opinion filed with the Superior Court of Pennsylvania within 60 days of the Notice of Appeal?

2. Was the Trial Court Record filed with the Superior Court of Pennsylvania within 60 days of the Notice of Appeal?

B. [Is t]he Trial Court Record on Appeal . . . incomplete, as required in Pa.R.A.P. Rule 1921?

C. Did [Appellant] timely file the Concise Statement of Errors Complained of on Appeal, with the Trial Court in the underlying matter?

D. Was [Appellant's] timely Concise Statement of Errors Complained of on Appeal "Concise"?

E. Does the Pennsylvania Statutes require electronic filings to be added to the Trial Court Docket, by the Prothonotary, in order to Satisfy the "filing" requirements in the statutes?

F. Did [Appellant] file the Mechanics Lien timely?

G. Did the Trial Court err by allowing [Appellees] to submit a question of "Fact" into the Preliminary Objections?

H. Did the Trial Court violate . . . Appellant's Due Process Rights under the Pennsylvania Constitution?

I. Did the Trial Court violate . . . Appellant's Due Process Rights under the U.S. Constitution?

Appellant's Brief at 8-9.

## III.  Standard of Review & Mechanic's Lien Law

At this juncture, we note the relevant standard of review:

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred.  The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would

permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

***Phila. Constr. Servs., LLC v. Domb, LLC***, 903 A.2d 1262, 1266 (Pa. Super.

2006) (citation omitted).

This Court has explained:

The Mechanics' Lien Law is a creature of statute in derogation of the common law, and any questions of interpretation should be resolved in favor of a strict, narrow construction. To effectuate a valid lien claim, the contractor or subcontractor must be in strict compliance with the requirements of the Mechanics' Lien Law.

A mechanics' lien is an extraordinary remedy, which should only be afforded to subcontractors who judiciously adhere to the requirements of the Mechanics' Lien Law, as an aggrieved subcontractor also has an action sounding in breach of contract:

> The Mechanics' Lien statute provides an expeditious method to obtain a lien at very little cost to the claimant. Therefore, it is the claimant's principal responsibility to ensure timely service of the claim. If a Mechanics' Lien claim is not timely perfected, however, the claimant still has an adequate remedy in a suit for monetary damages arising out of a breach of contract. The advantage of a Mechanics' Lien is that the lien takes effect sooner and assumes priority over other liens. By contrast, a judgment lien takes effect and priority on the date of entry of judgment. Thus, a claimant who desires a Mechanics' Lien must be vigilant in adhering to the service requirements in the statute.

***Phila. Constr. Servs., LLC***, 903 A.2d at 1267.

## IV. Appellant's Applications to Strike & Supplement Trial Record

In reviewing Appellant's first and second issues, we first set forth the following context. The trial court transmitted the trial record to this Court on March 11th — 65 days after Appellant's January 5, 2021, notice of appeal.[5] On March 24th, Appellant filed an application with this Court to strike both the trial court opinion and trial record, arguing they were untimely transmitted on appeal under Pa.R.A.P. 1931. *See* Pa.R.A.P. 1931(a)(1) ("[Generally,] the record on appeal . . . shall be transmitted to the appellate court within 60 days

_____

[5] Appellant's notice of appeal was entered on the trial docket as "filed" on January 5, 2021. However, he avers he initially filed an electronic notice of appeal on January 4th, but it was rejected due to the lack of payment of the filing fee. Appellant's Brief at 29. Appellant thus filed a second notice of appeal, with the filing fee, on January 5th.

Under Pennsylvania Rule of Appellate Procedure 902,

[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Pa.R.A.P. 902. "Upon receipt of the notice of appeal, the clerk **shall** immediately stamp it with the date of receipt, and that date **shall** constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3) (emphases added).

In any event, whether the notice of appeal was filed on January 4th or 5th, it was timely under the 30-day filing period of Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken).

after the filing of the notice of appeal."). On March 26th, Appellant filed an application to correct and supplement the record, seeking, *inter alia*, to add his "My Filings" report, which showed an attempt to file his Rule 1925(b) statement at 11:56 p.m. on January 29th. On April 5th, this Court issued a *per curiam* order denying both applications. Appellant filed an application for reconsideration of our order, which was denied *per curiam* on April 14th.

In his first issue on appeal, Appellant again requests this Court to reverse our April 5, 2021, *per curiam* order, denying his application to strike the trial court record. He reiterates the trial court transmitted the record to this Court after the 60-day period set forth in Pa.R.A.P. 1931(a)(1). Appellant's Brief at 29-31. No relief is due.

Rule 1931(a)(1) provides that **generally**, "the record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the appellate court within 60 days after the filing of the notice of appeal." Pa.R.A.P. 1931(a)(1). Assuming Appellant filed the notice of appeal on January 5, 2021, as indicated on the trial docket,[6] the sixtieth day thereafter was Saturday, March 6th. Any filing deadline would have thus fallen on Monday, March 8th.[7] Appellant correctly points out that

---

[6] *See* n.5, *supra*.

[7] *See* 1 Pa.C.S. § 1908 (when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation); *In re Nomination Papers of Lahr*, 842 A.2d 327, 333
*(Footnote Continued Next Page)*

the trial court did not transmit the record until three days thereafter, on March 11th.

Nevertheless, Appellant has cited no authority, nor has this panel discovered any, for his proposition that we may simultaneously "strike" the entire trial court record and — implicit in his argument — continue to review this appeal in his favor. Contrary to Appellant's suggestion, no appellate review can be undertaken without the trial record. As stated above, in reviewing a trial court's sustainment of PO's, we "must examine the averments in the complaint, together with the documents and exhibits attached thereto, . . . to evaluate the sufficiency of the facts averred." *See Phila. Constr. Servs., LLC*, 903 A.2d at 1266. Instead, striking the entire trial record would be tantamount to discontinuing or striking this appeal — in other words, depriving Appellant of appellate review. For the foregoing reasons, we decline to strike the trial court opinion or trial record.

In Appellant's second issue, he avers this Court should reverse our April 5, 2021, *per curiam* order denying his application to supplement the record. Again, this Court previously denied Appellant's motion for reconsideration. Appellant reiterates the record should be supplemented with his "My Filings"

---

n.6 (Pa. 2004) ("The courts have generally employed Section 1908 in circumstances that require counting forward[.]").

report, which showed an attempt to file his Rule 1925(b) statement at 11:54 p.m. on January 29th. Appellant's Brief at 31-32.

This Court has long held that it is "the appellant's responsibility to ensure the record is complete prior to its transmission to this Court." *See Cresci Constr. Servs. v. Martin*, 64 A.3d 254, 266 n. 18 (Pa. Super. 2013). Furthermore, in light of our disposition of Appellant's next issue, we decline to grant the relief requested.

## V. Timeliness & Conciseness of Appellant's Rule 1925(b) Statement

In Appellant's third issue, he disputes the trial court's suggestion that his Rule 1925(b) statement was untimely filed. He again cites his attempt at 11:56 p.m. on the day of the filing deadline, January 29, 2021, to electronically file the statement, and the alleged "difficulties uploading attachments." Appellant's Brief at 33. Appellant states he filed the same statement at 12:15 a.m. on January 30th, and the trial court clerk "accepted and attached to the docket [this] second filing," a "decision . . . out of [Appellant's control.]" *Id.* We decline to find waiver, albeit on different grounds.

When ordered to do so by the trial court, an appellant must file a timely Rule 1925(b) statement to preserve issues for appellate review. *See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*). It is well-settled that any issues not raised in a timely Rule 1925(b) statement are waived on appeal. *See Commonwealth*

- 11 -

*v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *see also* Pa.R.A.P. 1925(b)(4)(vii). Nevertheless, "[i]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation . . . therefore, we look first to the language of that order." *Rahn v. Consol. Rail Corp.*, 254 A.3d 738, 745–46 (Pa. Super. 2021) (citations omitted). Accordingly, when the court's order "is inconsistent with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply." *Id.* at 746.

Here, the trial court's January 8, 2021, Rule 1925(b) order stated:

> Appellant . . . has appealed from the Orders of this Court entered in this matter on December [7], 2020. Pursuant to Pa.R.A.P. 1925(b), Appellant is hereby DIRECTED to file of record and serve to this Court a concise statement of errors complained of on appeal, no later than twenty-one (21) days after today's date. Any issue not properly included in the timely-filed and served Statement shall be deemed waived.

Order, 1/8/21.

Although the trial court's order is generally compliant with Rule 1925(b)(3), it fails to designate "the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement" as required by Subsection (b)(3)(iii). *See* Pa.R.A.P. 1925(b)(3)(iii) (stating trial court "shall specify" place of service); *see also* Pa.R.A.P. 1925 Note (subparagraph (b)(3) "specifies what the judge **must advise** appellants when ordering a Statement") (emphasis added). Because the trial court's order is inconsistent with the requirements of the Rule, which

- 12 -

both Appellant and the trial court must strictly comply, we conclude "the waiver provisions of subsection (b)(4)(vii) do not apply," and Appellant has not waived his claims on appeal. *See Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1011 (Pa. 2010) (plurality).

In Appellant's fourth issue, he challenges the trial court's suggestion that his Rule 1925(b) statement was not concise, but instead "somewhat rambling." Appellant's Brief at 35. He states he "has not been able to find a clear definition of concise," and contends that "[w]ithout a clear explanation within the Rules and Statutes, this appears to be up to interpretation." *Id.* We decline to find waiver.

Rule 1925(b)(4) provides the following:

> (i) The Statement shall set forth only those errors that the appellant intends to assert.

> (ii) The Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge. The judge shall not require the citation to authorities or the record; however, appellant may choose to include pertinent authorities and record citations in the Statement.

> \* \* \*

> (iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

Pa.R.A.P. 1925(b)(4)(i), (ii), (iv).

This Court has stated:

> [A Rule 1925(b)] statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this Court has held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have "deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise."

> \* \* \*

> Appellants [engage] in misconduct when they "attempt[ ] to overwhelm the trial court by filing [a] Rule 1925(b) statement that contain[s] a multitude of issues that [Appellants] d[o] not intend to raise and/or c[an] not raise before this Court."

***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 211 (Pa. Super. 2008) (citations omitted).

Here, Appellant's *pro se* Rule 1925(b) statement spanned seven pages and included three and a half pages of his alleged factual history. Under the heading, "Issues in Dispute," Appellant set forth five sub-headings in bold type: (1) "Timeliness for filing of the Mechanics Lien in this matter;" (2) "Method for addressing 'issues of fact' as provided under the ACT;" (3) "Potential lack of due process;" (4) "[Appellees'] additional Preliminary Objection as to the time stamp of [Appellant's] filings;" and (5) "Harm to [Appellant] as a result of Courts decision." Portions of the statement are not clear. For example, Appellant's sole discussion of his third issue is:

> Based on a question as to an "issue of fact" without any opportunity for [Appellant] to address directly with the court and/or have further debate to ensure the "issue of fact" is clarified, there may be a violation of due process.

Appellant's Concise Statement of Errors Complained of on Appeal, 1/30/21, at 6. This statement is indecipherable and equivocates as to whether there was even a due process violation.

On the other hand, we note the trial court clearly sustained Appellees' PO's and struck the mechanic's lien claims on one ground: the untimely filing of the claims. While commenting that Appellant's Rule 1925(b) statement was "not 'concise,'" the court also discerned the specific issues he wished to raise:

> However, it appears that [Appellant] is making the following arguments. First, he asserts that February 18, 2020 was the last day working "on" the project and therefore, the six months should start from that date. Second, he argues that he initially electronically filed the Claim at 11:52 pm on August 18th; however, due to a technical problem, he was required to refile the Claim, which was ultimately accepted on August 20th.

Trial Ct. Op. at 2. Finally, we observe the trial court did not find any bad faith on Appellant's part, but instead merely described his statement was "rambling." *See id.* On balance, under the particular facts presented in this appeal, we decline to find waiver for a non-concise Rule 1925(b) statement. *See Jiricko*, 947 A.2d at 211.

## VI. Timeliness of Appellant's Mechanic's Lien Claims

In Appellant's fifth issue, he avers he timely filed the mechanic's lien claims. Whereas Appellant's mechanic's lien claims stated he "completed his work at the property on **February 17, 2020**," he now contends the Mechanic's Lien Law Section 1502 six-month filing period should have commenced on February **18th**, the day he completed **any** work for Appellees.

- 15 -

*See* Appellant's Mechanic's Lien Claim, 403 Gordon Drive, LLC at 4; Appellant's Mechanic's Lien Leaseholder Claim, Penn Foundation at 8. Appellant maintains that on that day, he completed "paperwork and invoices" and returned unused construction materials. Appellant's Brief at 36. Appellant further contends his claims should be deemed filed as of his initial attempt to file them — 11:51 p.m. on August 18, 2020. He explains "[t]his initial filing was rejected by the [trial court's] Prothonotar[y's] office, with a request to 'Remove the Cover Sheets' which were attached with the initial filing." *Id.* We conclude no relief is due.

As stated above, we review a trial court's sustaining of PO's by evaluating the sufficiency of the facts averred in the complaint and whether the pleading would permit recovery if ultimately proven. *Phila. Constr. Servs., LLC*, 903 A.2d at 1266. With respect to interpreting the statutory provisions of the Mechanic's Lien Law, this Court has stated: "The language of the Mechanics' Lien Law is clear and unambiguous and, as such, must be construed pursuant to common usage." Furthermore, we note: "In construing [statutory] language . . . and giving it effect, 'we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear.'" *Commonwealth v. Giulian*, 141 A.3d 1262, 1267 (Pa. 2016).

Section 1502(a)(1) of the Mechanic's Lien Law provides: "To perfect a lien, every claimant must . . . file a claim with the prothonotary as provided by this act within six (6) months after the completion of his work[.]" 49 P.S.

§ 1502(a)(1). The Law defines the phrase, "completion of the work," as "performance of the last of the **labor or delivery of the last of the materials** required by the terms of the claimant's contract or agreement, whichever last occurs." 49 P.S. § 1201(8) (emphasis added). We further note the term "labor" is defined to "include[ ] the furnishing of skill or superintendence." 49 P.S. § 1201(9).

As stated above, Appellant maintains that his preparation of invoices and return of unused material constitutes "skill" under the Mechanic's Lien Law. The term "skill," which appears in the definition of "labor," is not defined. However, the term "skill" appears in two other definitions, which we consider:

> (4) "CONTRACTOR" means one who, by contract with the owner, express or implied, **erects, constructs, alters or repairs an improvement or any part thereof or furnishes labor, skill or superintendence thereto**; or supplies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing[.]

> (5) "SUBCONTRACTOR" means one who, by contract with the contractor, or pursuant to a contract with a subcontractor in direct privity of a contract with a contractor, express or implied, **erects, constructs, alters or repairs an improvement or any part thereof; or furnishes labor, skill or superintendence thereto**; or supplies or hauls materials, fixtures, machinery or equipment reasonably necessary for and actually used therein; or any or all of the foregoing[.]

49 P.S. § 1201(4), (5) (emphases added). The phrase, "labor[ or] skill," is set forth in the above definitions in close connection with the erection, construction, alteration, or repair of any improvement or property. *See id.*;

- 17 -

***Giulian***, 141 A.3d at 1267. Meanwhile, the task of generating invoices does not appear anywhere in the definitional section.

After careful review of the above statutory provisions, the parties' arguments, and the trial court's opinion, we agree with the trial court's conclusion, "There is no support for [Appellant's] assertion that sending invoices constitutes continued work on the project." ***See*** Trial Ct. Op. at 3. We reject Appellant's unsupported contention that, under Section 1502, the phrase "completion of work" encompasses the preparation of invoices or the return of unused materials. "Completion of work" is defined to include "delivery" — not the return — "**of the last of the materials** required by the terms of the claimant's contract or agreement." ***See*** 49 P.S. § 1201(8) (emphasis added). Similarly, the definitions of "contractor" and "subcontractor" refer to "materials" "**actually used therein**." ***See*** 49 P.S. § 1201(4), (5) (emphasis added).

Accordingly, we agree with the trial court that Section 1502(a)(1)'s six-month filing period: (1) began to run on February 17, 2020, when Appellant completed the renovation of construction work at the property; and (2) concluded on Monday, August 17, 2020. Appellant's mechanic's lien claims, docketed as filed on August 20th, were therefore untimely. ***See*** 49 P.S. § 1502(a)(1). While Appellant missed the deadline by mere days, we emphasize that "the contractor . . . must be in strict compliance with the requirements of the Mechanics' Lien Law," and that "a claimant who desires a Mechanics' Lien

must be vigilant in adhering to the service requirements in the statute." *See Phila. Constr. Servs., LLC*, 903 A.2d at 1267. We thus conclude the trial court did not err in sustaining Appellees' PO's and striking Appellant's mechanic's lien claims. *See id.* at 1266.

Appellant's next argument is that the trial court prothonotary erred in rejecting his first electronic filing, on August **18**, 2020, of the mechanic's lien claims. He avers the court clerk rejected this filing because he attached a cover sheet, in contravention of the local Chester County Rules of Civil Procedure, which require a cover sheet for each filing. Appellant's Brief at 38.

No relief is due, as we have concluded Appellant had until August 17, 2020, to file the mechanic's liens claims. His present claim, that we should deem his claims were filed on August 18th, is thus moot. Moreover, Appellant cites no authority for the proposition that an appellate court can excuse his ignorance of statutory filing requirements.

In his eighth issue, Appellant accuses 403 Gordon Drive of making "intentional, false, misleading, and misrepresent[ed] statements" in its PO's, when it cited his mechanic's lien claim as stating "he completed his work on the subject property on February 17, 2020." Appellant's Brief at 43. Appellant emphasizes that his claim also stated, "Final invoices were sent to [403 Gordon Drive] on February 18, 2020." *Id.* at 44. We incorporate our above discussion and conclude no relief is due.

## VII. Due Process Violations Pursuant to Pa.R.C.P. 1030

In his final issue, Appellant claims the trial court violated Pa.R.C.P. 1030 and his Pennsylvania and United States constitutional due process rights, by permitting Appellees to raise "affirmative defenses and questions of facts" in their PO's. Appellant's Brief at 45, 47. While Appellant does not provide any further discussion of Rule 1030, we note it states, in part, that "all affirmative defenses including . . . statute of limitations . . . shall be pleaded in a responsive pleading under the heading 'New Matter.'" *See* Pa.R.C.P. 1030(a). Appellant then states, somewhat inconsistently with his first argument, "The court denied the due course of law by not allowing for the collection of evidence or filings to clarify the questions of fact raised by" Appellees. *See* Appellant's Brief at 45. No relief is due.

While Appellees' PO's alleged the untimely filing of Appellant's mechanic's lien claims, they did not, as Appellant insists, raise the defense of the statute of limitations. The statutes of limitations — filing periods for commencing various causes of action — are set forth in Sections 5521 through 5527.1 of the Judicial Code, 42 Pa.C.S. §§ 5521-5527.1. Here, Appellees did not rely on these statutes, but instead on the Mechanic's Lien Law, specifically Section 1502(a)(1). Accordingly, Appellant's reliance on Rule of Civil Procedure 1030 is mistaken, and he was not denied due process under that Rule.

## VIII.  Conclusion

For the foregoing reasons, we affirm the trial court's orders sustaining Appellee's PO's and striking Appellant's mechanic's lien claims.

Orders affirmed.

Judge Stabile joins the Memorandum.

Judge Dubow files a Concurring Memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2022