J-A20003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CELTIC CONVERSIONS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BIRCH TREE INVESTMENTS, LLC | : | No. 2562 EDA 2023 |

Appeal from the Order Entered September 13, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 2004M0002

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED JANUARY 7, 2025**

Celtic Conversions, LLC (Celtic) appeals from the order, entered in the Court of Common Pleas of Philadelphia, entering judgment in favor of Birch Tree Investments, LLC (Birch Tree), striking Celtic's mechanics' lien, and granting Birch Tree attorney's fees in the amount of $2,500.00. After our review, we affirm.

Jerry Olson, as agent for the JOG Group, LLC (JOG Group), contracted with Celtic to do work on a property located at 419 North Holly Street (Property) in Philadelphia. On September 30, 2019, Celtic drafted an estimate of $14,750.00 for work to be done at the Property. On October 9, 2019, Celtic submitted an invoice for half of the estimated cost, and, on October 17, 2019, Celtic submitted an invoice for the remainder of the estimate. The October invoices were sent to the attention of Olson, as agent of the JOG Group, the

contractor, but the invoices were not paid.[1]  Celtic completed the work on the Property on October 20, 2019.[2]

On December 13, 2019, Birch Tree purchased the Property from the JOG Group. Following non-payment on the October invoices, on March 4, 2020, Celtic filed a notice of intent to file a mechanics' lien against Birch Tree and, on April 6, 2020, Celtic filed a mechanics' lien claim on the Property.  *See* 49 P.S. § 1501(b.1).[3]  On April 22, 2021, Celtic filed a Complaint Upon Mechanics' Lien Claim in order to execute on the lien.

The matter was then transferred to arbitration on October 6, 2022.  The arbitration panel found in favor of Celtic and against Birch Tree, awarding Celtic $14,750.00.  Celtic appealed the arbitration award and, on September 11, 2023, the Honorable Lyris F. Younge presided over a non-jury trial.[4]

---

[1] At some point, Olson became a principal in the JOG Group.  Celtic maintained the estimate and the corresponding invoices constituted a "written agreement between the parties."  *See* N.T. Trial, 9/11/23, at 14.

[2] Celtic and Olson worked together on several different projects in Philadelphia and its neighboring counties.

[3] Section 1501(b.1) of the Mechanics' Lien Law provides: "No claim by a subcontractor, whether for erection or construction or for alterations or repairs, shall be valid unless, at least thirty (30) days before the same is filed, he shall have given to the owner a formal written notice of his intention to file a claim, except that such notice shall not be required where the claim is filed pursuant to a rule to do so as provided by section 506."  49 P.S. § 1501(b.1).

[4] At trial, counsel for Celtic did not put on witnesses and, instead, rested on exhibits that were admitted in its case-in-chief.

Thereafter, Judge Younge found Celtic had not established a basis for the mechanics' lien against Birch Tree. *See* N.T. Trial, 9/11/23, at 53.

Celtic filed a motion for post-trial relief, which the trial court denied. Celtic filed a timely appeal. Both Celtic and the trial court complied with Pa.R.A.P. 1925.

Celtic raises the following issues on appeal:

1. Whether the trial court violated the [Pennsylvania] Rules of Civil Procedure in entering what was effectively a summary judgment in favor of [Birch Tree] without adhering to the Rules and providing [Celtic] with an adequate opportunity to respond?

2. Whether the trial court erred in holding that [Celtic's] complaint to reduce the mechanics' lien claim to judgment was filed after the two-year deadline specified in section 1701(b) of the Mechanics' Lien Law of 1963, 49 P.S. § 1701(b).

3. Whether the trial court erred in finding that [Celtic's] mechanics' lien claim was not allowed under section 1303(c) of the Mechanics' Lien Law of 1963, 49 P.S. § 1303(c), due to the sale of the property to [Birch Tree] prior to the filing of [Celtic's] mechanics' lien claim.

4. Whether the trial court erred in awarding attorney's fees to [Birch Tree] pursuant to 42 Pa.C.S.[A] § 2503(9) based on a finding that [Celtic's] conduct in filing and continuing the mechanics'' lien claim against [Birch Tree] was arbitrary.

5. Whether there is any other basis in the record [that] would allow the Superior Court to affirm the trial court's order striking [Celtic's] mechanics' lien claim?

Appellant's Brief, at 4-5.

We summarily dismiss Celtic's first claim that the trial court entered summary judgment. This was not summary judgment. There was a trial, at

- 3 -

which Celtic chose to rest on exhibits. Thereafter, Celtic filed post-trial motions pursuant to Pa.R.C.P. 227.1, which the court denied. *See* Celtic's Motion for Post-Trial Relief, 9/25/23; *see also* Order, 9/27/23. Celtic's claim that this was "effectively a summary judgment" is belied by the record and its own actions.

Next, Celtic argues the trial court erred in finding that its mechanics' lien claim was not allowed under section 1303(c) of the Mechanics' Lien Law of 1963, due to the sale of the property to Birch Tree prior to the filing of the mechanics' lien claim.[5] We find no error.

A mechanics' lien is an "extraordinary remedy that provides the contractor with a priority lien on property, an expeditious and advantageous remedy." *Terra Firma Builders, LLC v. King*, 249 A.3d 976, 983 (Pa. 2021), citing *Philadelphia Constr. Servs., LLC v. Domb*, 903 A.2d 1262, 1267 (Pa. Super. 2006) (mechanics' lien statute provides "an extraordinary remedy" and "an expeditious method to obtain lien at very little cost to claimant;" if claimant is not responsible in timely perfecting the lien, the claim fails, and claimant can seek adequate remedy via breach of contract). Accordingly, a

_____

[5] Celtic also claims that the trial court erred in finding its complaint to reduce the mechanics' lien claim to judgment was filed after the two-year deadline specified in section 1701(b). Section 1701 of the Mechanics' Lien Law provides: "An action to obtain judgment upon a claim filed shall be commenced within two (2) years from the date of filing unless the time be extended in writing by the owner." 49 P.S. § 1701(b). The record indicates the mechanics' lien was filed on April 6, 2021 and the complaint was filed on April 22, 2021, within the two-year deadline. *See* Complaint, 4/22/21. It appears that the trial court, in its opinion, misstated the date of the filing of the action as April 22, 2022. *See* Trial Court Opinion, 1/9/24, at 8.

contractor seeking the benefit of the lien must "judiciously adhere to the requirements of the Mechanics' Lien Law" in order to secure a valid and enforceable lien. ***Id. See also McCarthy v. Reese***, 215 A.2d 257, 258 (Pa. 1965) ("We have consistently held that the right to a mechanic's lien is entirely statutory, and, therefore, not only the right itself but the method of enforcing and defending it must depend upon the statute and must be pursued in strict compliance with it.").

The Mechanics' Lien Law provides that "[i]f the property [is] conveyed in good faith and for a valuable consideration prior to the filing of a claim for alterations or repairs, the lien shall be wholly lost." 49 P.S. § 1303(c). The court found that the JOG Group sold the Property to Birch Tree, for $462,500.00, on December 18, 2019, prior to the filing of the mechanics' lien. Celtic offered no evidence of bad faith, fraud, or lack of consideration. Thus, the court determined the lien was "wholly lost." ***Id.***

Our Supreme Court has stated:

We recognize mechanics' liens are a powerful statutory tool for the protection of valid secured property interests, and when they are correctly obtained and enforced, they provide a priority position for contractors while curtailing the property rights of owners. Given these high stakes, **it is vital that the lien claimant strictly comply with the mandatory statutory requirements expressly set forth in the Law to prevent potential abuse**.

***Terra Firma***, ***supra*** at 985 (emphasis added).

In keeping with these principles and the mandate requiring strict adherence to the statutory language and procedural requirements of the

- 5 -

Mechanics' Lien Law, we conclude that the trial court properly entered judgment against Celtic. ***Id.***

Celtic next claims the trial court abused its discretion in awarding attorneys' fees to Birch Tree. Pursuant to section 2503 of the Pennsylvania Judicial Code, counsel fees may be awarded to a participant "because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious[,] or in bad faith." 42 Pa.C.S.A. § 2503(9). Any award of counsel fees under these statutory provisions, however, must be supported by a trial court's specific finding of such conduct. ***See Kulp v. Hrivnak***, 765 A.2d 796, 799 (Pa. Super. 2000).

Here, the court found that Celtic filed its claim against Birch Street merely because it were an "owner" of the property, **and not as an owner who entered into the contractual relationship for work to be done at the Property**, as contemplated by the Mechanics' Lien Law. ***See*** N.T. Trial, 9/11/23, at 44. The court found Celtic wholly ignored the provision of the Mechanics' Lien law that delineates who "may not have a lien brought against them." Trial Court Opinion, 1/9/24, at 10, *citing* 49 P.S. § 1303(c).[6] The

_____

[6] The court noted at trial that Celtic could not

> show what relationship, if any, [it has] to Birch Tree. And the
> [c]ourt is concerned because[] clearly from [the ] testimony[,] in
> April of 2020, Celtic Conversions knew that [neither] Mr. Olson,
> nor JOG, owned that property and, yet, they attached the
> mechanics' lien. So I find that Birch Tree is an innocent party in

*(Footnote Continued Next Page)*

- 6 -

court also found Celtic provided no proof that it was entitled to a lien on the Property, finding the lien was arbitrary, and thus "ensnaring an innocent purchaser in three years of litigation." Trial Court Opinion, **supra** at 10. The record supports these findings. Accordingly, the court did not abuse its discretion in awarding Birch Tree attorneys' fees to defend the lien.[7]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/7/2025

---

       this and, therefore, shouldn't be encumbered with having a lien
       on its property on Holly Street.

N.T. Trial, **supra** at 54.

[7] In issue five, Celtic argues there is "nothing in the record that would otherwise support [this] Court's affirmance of the trial court order entering judgment for Birch Tree and striking Celtic's mechanics' lien claim." Appellant's Brief, at 22. Because we have discerned no error in the trial court's disposition, we find it unnecessary to address this argument. Furthermore, it is not this Court's function to scour the record in search of an argument favorable to an appellant. That is the appellant's responsibility. **See** Pa.R.A.P. 2119(c). **See also J.J. DeLuca Co. Inc. v. Toll Naval Assocs.**, 56 A.3d 402, 411 (Pa. Super. 2012).